1 | Robert W. Norman, Jr. (SBN 232470)
2 | Neil J. Cooper (SBN 277997)
HOUSER LLP
3 | 9970 Research Drive
Irvine, CA 92618
4 | Tel. (949) 679-1111
Fax: (949) 679-1112
5 | E-mail: ncooper@houser-law.com

6 | Attorneys for Defendants
SPECIALIZED LOAN SERVICING, LLC and
7 | GULF HARBOUR INVESTMENTS CORPORATION

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| RENE GONZALEZ,<br><br>　　　　Plaintiffs,<br><br>vs.<br><br>SPECIALIZED LOAN SERVICING, LLC; GULF HARBOUR INVESTMENTS CORPORATION; and DOES 1 - 10, inclusive,<br><br>　　　　Defendants. | Case No.: 5:22-cv-00718<br><br>**NOTICE OF REMOVAL OF ACTION ON THE BASIS OF FEDERAL QUESTION AND DIVERSITY JURISDICTION**<br><br>[Removed from Riverside County Superior Court, Case No. CVRI2201296] |

DEFENDANTS' NOTICE OF REMOVAL
1

**TO THE COURT CLERK AND ALL INTERESTED PERSONS:**

**PLEASE TAKE NOTICE** that defendants Specialized Loan Servicing, LLC ("SLS") and Gulf Harbour Investments Corporation ("GHIC" and collectively, "Defendants") hereby remove this action from the Superior Court of California for the County of Riverside to the United States District Court for the Central District of California, and in support thereof state:

## THE PROCEDURAL REQUIREMENTS
## FOR REMOVAL ARE SATISFIED

1. On April 1, 2022, plaintiff Rene Gonzalez ("Plaintiff") commenced an action in the Superior Court of the State of California for the County of Riverside against Defendants, entitled *Rene Gonzalez v. Specialized Loan Servicing, LLC, Gulf Harbour Investments Corporation, and Does 1-10, inclusive*, Case No. CVRI2201296 (the "State Court Action").

2. Defendants have not made a general appearance as to the Complaint in the matter and have not waived any jurisdictional issues in the State Court Action. Pursuant to 28 U.S.C. § 1446(a), a true and correct copy of the pleadings received to date are attached hereto as **Exhibit A**.

3. Defendants were served with the Complaint effective April 7, 2022. This notice has been timely filed because it is being filed within 30 days of Defendants' receipt of the Complaint.

4. A Case Management Conference has been scheduled in the State Court Action for October 3, 2022. No other hearings involving the parties have been set nor are any motions pending.

5. No previous request has been made for removal.

6. This action is removable to the instant Court because it originally could have been filed in this Court pursuant to 28 U.S.C. § 1441(a) and (b). Supplemental jurisdiction exists with respect to any other claims not subject to removal pursuant to 28 U.S.C. §§ 1367 and 1441(c).

7.     This Notice of Removal is brought on behalf of Defendants, who are the only named defendants in this case. As of the date of the filing of this Notice, Defendants are unaware of, and the docket in the State Court Action does not reflect, the service of process upon or the appearance of fictitious defendants Does 1-10. *See Salveson v. Western States Bankcard Ass'n*, 731 F.2d 1423, 1429 (9th Cir. 1984), *overruled on other grounds*, *Ethridge v. Harbor House Restaurant*, 861 F.2d 1389 (9th Cir. 1988) (requiring consent only from defendants "properly joined and served in the action."); *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1193 (9th Cir. 1988) (consent of fictitious defendants not required for purposes of removal).

## FEDERAL QUESTION JURISDICTION

8.     Pursuant to 28 U.S.C. § 1331, this Court has original jurisdiction over this action because it is a civil action, the adjudication of which requires an analysis and construction of the laws of the United States. Specifically, the second claim is brought under TILA, alleging a violation of 12 C.F.R. § 1026.41 and relief under 15 U.S.C. §§ 1640 and 1639, and the third claim alleges a violation of federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*.

9.     Plaintiff's remaining state law claims are transactionally related to, and arise from, a common nucleus of operative facts as the federal law claims and are so related they form part of the same case or controversy. Specifically, all other claims for relief relate to Defendants' servicing of the loan and attempt to foreclose with the loan balance purportedly made unlawful by TILA. Pursuant to 28 U.S.C. § 1367(a), Plaintiff's state claims are within this Court's pendent jurisdiction.

## DIVERSITY JURISDICTION

10.    This action is removed to the instant Court pursuant to the existence of diversity jurisdiction between parties. 28 U.S.C. § 1441(b); 28 U.S.C. § 1332. Diversity jurisdiction exists because this is a civil action between citizens of

different states and the matter in controversy exceeds the sum of $75,000.00. Supplemental jurisdiction exists with respect to any remaining claims pursuant to 28 U.S.C. § 1367. Diversity exists between the parties at the time the action was commenced and at the time of this notice of removal. *Strotek Corp. v. Air Transp. Ass'n of Am.,* 300 F.3d 1129, 1131-32 (9th Cir. 2002).

11. The Complaint states that Plaintiff is and at all relevant times has been residing in Riverside, California. *See* Complaint, ¶1. Plaintiff is a citizen of California. *See Lew v. Moss*, 797 F.2d 747, 749 -750 (9th Cir. 1986) (a person is domiciled in a location where he or she has established a fixed habitation or abode in a particular place and intends to remain there permanently or indefinitely).

12. SLS is, and was at the time of the filing of the Complaint, a limited liability company which is formed in Delaware and has its principal office in Greenwood Village, Colorado. The citizenship of a limited liability company for diversity jurisdiction is the citizenship of its members. *See Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006). The sole member of SLS is Specialized Loan Servicing Holdings LLC, who is formed under the laws of the state of Delaware and whose principal place of business is in Colorado. The sole member of Specialized Loan Servicing Holdings LLC is Computershare Mortgage Services, Inc., who is formed under the laws of the state of Delaware and whose principal place of business is in Colorado. A corporation is a citizen of its state of incorporation and the state in which it has its principal place of business. 28 U.S.C. § 1332(c)(1). Accordingly, SLS and its parent companies are citizens of Delaware and Colorado for purposes of diversity.

13. GHIC is, and was at the time of the filing of the Complaint, a Delaware corporation with its principal place of business in Florida. Accordingly, GHIC is a citizen of Delaware and Florida. 28 U.S.C. § 1332(c)(1).

14. $75,000.00 is the threshold amount associated with diversity jurisdiction. 28 U.S.C. § 1332(a). The amount in controversy is determined from

the allegations and prayer for relief. *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 US 283, 289 (1938). Notwithstanding that the Complaint's caption claims the amount in controversy is less than $75,000 to avoid removal, the allegations of the Complaint show otherwise. As Plaintiffs seek relief of the subject property and loan, the amount in controversy may be determined by the value of the object of the litigation, i.e., the loan amount. *Hunt v. Wash. State Apple Adver. Comm'n*, 432 U.S. 333 (1997); *see also Brady v. Mercedes-Benz USA, Inc.*, 243 F.Supp.2d 1004 (N.D. Cal., 2002); *Munger v. Moore*, 11 Cal.App.3d 1 (1970). In particular, the Notice of Default states the amount due is $79,304.46. (Complaint, Ex. C; *see also* Complaint, ¶¶20-21 [balance exceeds $100,000].) Plaintiff claims entitlement to a complete rescission of the loan. (Complaint, ¶38.) The reinstatement amount alone is nearly $80,000. (Complaint, Ex. C [reinstatement is $79,304.46 as of July 23, 2021].) In addition, Plaintiff claims attorneys' fees. (Complaint, ¶45.) Therefore, the amount in controversy exceeds $75,000.

15. Accordingly, this action is properly removed to this Court pursuant to 28 U.S.C. § 1441(b).

## VENUE

16. Pursuant to 28 U.S.C. § 1441(a) the United States District Court for the Central District of California is the proper venue for removal of the State Court Action because it is the judicial district and division in which State Court Action is pending.

## NOTICE

17. Aside from the October 3, 2022 Case Management Conference, there are no hearings scheduled in the State Court Action. Concurrently with the filing of this Notice, Defendants shall cause to be filed a copy of this Notice of Removal with the Clerk of the Superior Court of California for the County of Riverside. A true and correct copy of the docket for the State Court Action is attached hereto as

**Exhibit B**. A copy of the Notice of Removal to be filed in the State Court Action is attached hereto as **Exhibit C**.

## RESERVATION OF RIGHTS

18. Defendants reserve the right to supplement this Notice when, and if, additional information becomes available. In addition, Defendants reserve all rights, including, but not limited to, defenses and objections as to venue, personal jurisdiction, and service. The filing of this Notice is subject to, and without waiver of, any such defense or objection.

WHEREFORE, Defendants pray that the State Court Action be removed from the California Superior Court to this Court and that this Court assume jurisdiction over – and determine – the action on the merits.

Dated: April 26, 2022                     HOUSER LLP

By: _____
Neil J. Cooper
Attorneys for Defendants
Specialized Loan Servicing, LLC and
Gulf Harbour Investments Corporation

# PROOF OF SERVICE

I am employed in the County of Orange, State of California. I am over the age of 18 and not a party to the within action. My business address is 9970 Research Drive, Irvine, CA 92618.

On April 26, 2022 I served the following document(s) described as follows:

**NOTICE OF REMOVAL OF ACTION ON THE BASIS OF FEDERAL QUESTION AND DIVERSITY JURISDICTION**

On the following interested parties in this action:
Tony Cara, Esq.
Peter Nisson, Esq.
CDLG, PC
2973 Harbor Blvd., Suite 594
Costa Mesa, CA 92626
P: (888) 615-6765
F: (888) 660-8874
*Attorney for Plaintiff*

☒ <u>VIA OVERNIGHT MAIL/COURIER</u>—CCP §§ 1013(c), 2015.5: By placing a true copy thereof enclosed in a sealed envelope, addressed as above, and placing each for collection by overnight mail service or overnight courier service. I am readily familiar with my firm's business practice of collection and processing of correspondence for mailing with the processing of correspondence for overnight mail or overnight courier service, and any correspondence placed for collection for overnight delivery would in the ordinary course of business, be delivered to an authorized courier or delivery authorized by the overnight mail carrier to receive documents, with delivery fees paid or provided for, that same day for delivery on the following business day.

I declare under penalty of perjury, under the laws of the State of California that the foregoing is true and correct.

Executed on April 26, 2022 at Irvine, California.

_____
Jasmine Blanco