EXHIBIT A

Electronically FILED by Superior Court of California, County of Riverside on 04/01/2022 07:06 AM
Case Number CVRI2201296 0000016729396 - W. Samuel Hamrick Jr., Executive Officer/Clerk of the Court By Brigit Prado, Clerk

Tony Cara, Esq., SBN 170720
2973 Harbor Boulevard, Suite 594
Costa Mesa, CA 92626-3912
Phone: (888) 615-6765
Fax: (888) 660-8874
Litigation.CDLG@gmail.com
Attorney for Plaintiff, Rene Gonzalez

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**COUNTY OF RIVERSIDE, CENTRAL DISTRICT**

Case No.: CVRI2201296

| | |
|---|---|
| RENE GONZALEZ,<br><br>                    Plaintiff,<br><br>v.<br><br>SPECIALIZED LOAN SERVICING, LLC;<br>GULF HARBOUR INVESTMENTS<br>CORPORATION; and DOES 1-10,<br>inclusive,<br><br>                    Defendants. | **PLAINTIFF'S COMPLAINT FOR:**<br><br>1. **VIOLATION OF CIV. CODE § 2923.5;**<br>2. **VIOLATION OF THE TRUTH IN LENDING ACT, TITLE 12 C.F.R. § 1026.41, ENFORCEABLE THROUGH TRUTH IN LENDING ACT, TITLE 15 U.S.C. § 1640, PERIODIC LOAN STATEMENT REQUIREMENT;**<br>3. **VIOLATION OF FIN.CODE §4978(a);**<br>4. **VIOLATION OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICE ACT;**<br>5. **NEGLIGENCE;**<br>6. **UNFAIR BUSINESS PRACTICES, VIOLATION OF BUS. & PROF. CODE § 17200, ET SEQ.**<br><br>**(Amount in controversy less than $75,000)** |

**COMES NOW** plaintiff Rene Gonzalez, ("PLAINTIFF"), by and through his counsel, alleges as follows:

GONZALEZ v. SPECIALIZED LOAN SERVICING, LLC, et al.- PLAINTIFF'S COMPLAINT

*Tony Cara, Esq.,*
*2973 Harbor Boulevard, Suite 594, Costa Mesa, CA 92626-3912, Phone: (888) 615-6765*

**PARTIES**

1.     PLAINTIFF is, and at all relevant times mentioned herein was a resident of Riverside County, California, and is the rightful and lawful owners of real property commonly known as 1752 Fraser Circle, Corona, CA 92882, ("Subject Property"), and is his personal and principal residence.

2.     Defendant Specialized Loan Servicing, LLC, ("SLS DEFENDANT") is a limited liability company with its principal place of business in Greenwood Village, Colorado. SLS DEFENDANT conducts, and at all times mentioned herein conducted, business in Riverside County, California. Its agent for service of process is United Agent Group, Inc. SLS DEFENDANT is the purported current loan servicer of the mortgage loan that is the subject of the allegations complained of herein.

3.     Defendant Gulf Harbour Investments Corporation ("GHIC DEFENDANT") is a corporation with its principal place of business in Tampa Florida. GHIC DEFENDANT conducts, and at all times mentioned herein conducted, business in Riverside County, California. Its agent for service of process is Berman, Kean & Riguera, P.A. GHIC DEFENDANT is the purported current beneficiary of the mortgage loan that is the subject of the allegations complained of herein.

4.     PLAINTIFF is ignorant of the true names and capacities of Defendants DOES 1-10, inclusive, and therefore sues them by fictitious names. PLAINTIFF will amend this complaint to allege DOES' true names and capacities when they are ascertained.

5.     PLAINTIFF alleges that DOES 1-10 claim some right, title, estate, lien or interest in the Subject Property that is adverse to PLAINTIFF's own title. Each of these claims constitutes a cloud on PLAINTIFF's title to the Subject Property from which PLAINTIFF seeks relief.

6.     PLAINTIFF alleges that DOES 1-10 are contractually, strictly, negligently, intentionally or vicariously liable and/or otherwise legally responsible in some manner for each and every act, omission, obligation, event or happening set forth in this complaint, and that DOES 1-10 are indebted to PLAINTIFF as hereinafter alleged.

**JURISDICTION AND VENUE**

7.     Jurisdiction of this Court arises under Cal. Const. Art. VI §10 and Code Civ.Proc. §410.10 et seq. because DEFENDANTS engaged in business in the State of California and the acts of

wrongdoing alleged in this complaint occurred in California. DEFENDANTS have more than "sufficient minimum contacts" within the State of California such that this Court's exercise of personal jurisdiction over DEFENDANTS herein "does not offend the traditional notions of fair play and substantial justice." DEFENDANTS herein purposefully directed their activities to the State of California and consummated a transaction with a resident of the State of California, such as PLAINTIFF herein. As a result, DEFENDANTS caused an event or events to occur in California, and more particularly in Riverside County, California out of which this action arises and which forms the basis of this action.

8.    Venue is proper in this Court pursuant to Code Civ.Proc. § 392(a) because DEFENDANTS' liability to PLAINTIFF arose within the jurisdictional region of this Court. This Court has jurisdiction over the parties.  PLAINTIFF is a resident of Corona, California. All DEFENDANTS regularly engage in business within Riverside County, California, and the real property is located in Riverside County, California.

9.    PLAINTIFF is suing for damages that are related to violation various California statutes and the Homeowner Bill of Rights Act wherein the amount of controversy is approximately $75,000.00 and/or according to proof.

## GENERAL AND FACTUAL ALLEGATIONS

10.    PLAINTIFF alleges that on or about May 1, 2035, PLAINTIFF obtained a mortgage loan on the Subject Property from E-Loan, Inc. in the amount of $82,200, memorialized by a Deed of Trust. The maturity due date is on June 1, 2035. The Trustee is First Southwestern Title Company. This Deed of Trust was recorded in the Riverside County, California Recorder's Office as Instrument No. 2005-0434131. **(Exhibit "A", Deed of Trust).**

11.    PLAINTIFF alleges that on May 20, 2021, a Substitution of Trustee was recorded in the Riverside County, California Recorder's Office as Instrument No. 2021-0312268. This Substitution purported to replace First Southwestern Title Company with Affinia Default Services, LLC, and to assign rights to act under the Deed of Trust. **(See Exhibit "B", Substitution of Trustee)**

12.    PLAINTIFF alleges that on July 25, 2021, a Notice of Default and Election to Sell Under a Deed of Trust was recorded in the Riverside County, California Recorder's Office as

Instrument No. 2021-0446181. **(See Exhibit "C", Notice of Default and Election to Sell Under a Deed of Trust).** Without a known recording of a Trustee's Deed upon Sale, a new slae date has been set for December 30, 2021.

13. PLAINTIFF did not receive any statements, calls or any communications by anyone since 2009 to approximately January, 2010, when he received a statement demanding all the money upfront, and a Notice of Default on July 26, 2021. PLAINTIFF filed a chapter 13 bankruptcy petition, but did not know that this loan was still in play. **(See Exhibit "D", September 2021 Loan Statement)**

14. A Substitution of Trustee was recorded on May 20, 2021, giving this loan to GHI DEFENDANT and assigning Affina Default Management as trustee.

15. SLS DEFENDANT violated the Title 12 C.F.R. §1026.41(a),(b)(c) Periodic Statements for Residential mortgage. No attempt was given prior to the borrowers to inform them of this debt, how much interest was being charged.

16. SLS DEFENDANT continued to violate Title 12 C.F.R. §1026.41 (d)(3) by not disclosing monthly statements that clearly provides accurate information using uncommon terminology that is commonly understood

17. SLS DEFENDANT continued to violate Title 12 C.F.R. §1026.41 (d)(2)(il),(d)(3)(i) and (d)(4) failed to disclosure of the total sum of any fees or charges imposed since the last statement (in this case 2009), the total of all payments received since the last statement, Including a breakdown of how many payments were applied (previously to 2009), and a list of all transaction activity since the last statement.

18. SLS DEFENDANT accelerated this loan to become default, If the balance of a mortgage loan has been accelerated but the servicer will accept a lesser amount to reinstate the loan, the amount due under

19. Pursuant to Title 12 C.F.R. §1026.41(d)(1), SLS DEFENDANT must identify only the lesser amount that will be accepted to reinstate the loan. The periodic statement must be accurate when provided and should indicate, if applicable, the amount due is accurate amount due that will be reinstated the loan as of that date or good through that date, respectively. SLS DEFENDANT in the last offer with no date on the document no date of when this will expire.

4

20.     This loan actually matures in April 1, 2036, however this payment with a $49,300.00 payment as a cash down payment is not a modification. So the borrower was not explained that after 3 years the balloon payment of $113,270.77 actually balances with the amount owed however the maturity date is still 2036.

21.     The borrower will be paying 3 years of $27,882 in interest only in addition to the $42,998.74 and the balloon of $113,270.77, which totals $184,151.51 and ends 2036. The 36 months is 3 years. They amortization of the terms for 480 months. This should not be allowed. I would like to add to this case based on this offer is elder abuse. PLAINTIFF is 69 years old.

## CAUSES OF ACTION/REMEDIES

## FIRST CAUSE OF ACTION

## VIOLATION OF CIV.CODE §2923.5; FAILING TO NOTIFY THE HOMEOWNER ABOUT POSSIBLE FORECLOSURE AND TO WAIT 30 DAYS AFTER NOTICE TO RECORD A NOTICE OF DEFAULT

### (AGAINST SLS DEFENDANT and GHIC DEFENDANT)

22.     PLAINTIFF re-alleges and incorporates all preceding paragraphs as though set forth fully herein.

23.     Pursuant to Civ.Code §2923.5(a)(2), a mortgage servicer, mortgagee, trustee, beneficiary, or authorized agent shall not record a notice of default pursuant to Section 2924 until all of the following: Contact the borrower in person or by telephone in order to assess the borrower's financial situation and explore options for the borrower to avoid foreclosure, including advising the borrower that he or she has the right to request a subsequent meeting and, if requested, the mortgage servicer shall schedule the meeting to occur within 14 days. The assessment of the borrower's financial situation and discussion of options may occur during the first contact, or at the subsequent meeting scheduled for that purpose.

24.     On July 25, 2021, SLS DEFENDANT and GHIC DEFENDANT recorded a Notice of Default on the Subject Property. **(Exhibit "C")**

25.     SLS DEFENDANT and GHIC DEFENDANT failed to satisfy the requirements of Civ.Code §2923.5(a)(2) before recording a Notice of Default, and violated this statute.

---

26.     PLAINTIFF requests an injunction and damages.

### THIRD CAUSE OF ACTION

### VIOLATION OF THE TRUTH IN LENDING ACT, TITLE 12 C.F.R. § 1026.41,

### ENFORCEABLE THROUGH TRUTH IN LENDING ACT, TITLE 15 U.S.C. § 1640,

### PERIODIC LOAN STATEMENT REQUIREMENT

### (Against SLS DEFENDANT and GHIC DEFENDANT)

27.     PLAINTIFFS incorporate by reference, as though fully set forth in the preceding paragraphs this Complaint.

28.     Pursuant to Title 12 C.F.R. § 1026.41, a lender/servicer is required to provide monthly statements unless loan is in active bankruptcy or charged off.

29.     PLAINTIFFS have not received any statement on their loan from 2009 to approximately January, 2010.

30.     By failing to serve and disclose periodic statements for a residential mortgage, SLS DEFENDANT violated Title 12 C.F.R. § 1026.41(a),(b)(c).

31.     SLS DEFENDANT further failed to disclosing monthly statements that clearly provide accurate information using uncommon terminology that is commonly understood, in violation of Title 12 C.F.R. § 1026.41 (d)(3).

32.     SLS DEFENDANT further failed to disclose of the total sum of any fees or charges imposed since the last statement, the total of all payments received since the last statement, including a breakdown of how many payments were applied, and a list of all transaction activity since the last statement in violation of Title 12 C.F.R. § 1026.41 (d)(2)(ii),(d)(3)(i) and (d)(4) .

33.     If the loan was charged off, SLS DEFENDANT has illegally accrued interest and other fees on the loan for the duration of the time the loan was charged off pursuant to 12 CFR 1026.5(b)(2). If the loan was not actually charged off as PLAINTIFF was advised, SLS DEFENDANT, and its predecessors in interest (as well as the current beneficiary and its predecessors in interest) have violated TILA's monthly statement mandate. Title 12 CFR § 1026.7 (requirement to send monthly mortgage statements)

34.     SLS DEFENDANT further accelerated this loan to become default. Whereas here, the

6

balance of a mortgage loan has been accelerated, but PLAINTIFFS indicated that they will accept a lesser amount to reinstate the loan, the amount due under Title 12 C.F.R. § 1026.41 (d)(1) must identify only the lesser amount that will be accepted to reinstate the loan.

35.    PLAINTIFF was additionally not advised their loan was charged off. If the loan was charged off, SLS DEFENDANT has illegally accrued interest and other fees on the loan for the duration of the time the loan was charged off.  If the loan was not actually charged off as PLAINTIFF was advised, SLS DEFENDANT and its predecessors in interest (as well as the current beneficiary and its predecessors in interest) have violated TILA's monthly statement mandate. Title 12 C.F.R. § 1026.41.

36.    SLS DEFENDANT violated Title 12 § 1026.41(b)(1) and (2), and (d) by failing to provide periodic loan statements regarding existing loan amount, current interest rate and amount due

37.    SLS DEFENDANT 'S violation of Title 12 § 1026.41 entitles them to actual damages for these violations pursuant to Title 15 U.S. Code § 1640(a).

38.    SLS DEFENDANT'S violation of Title 12 § 1026.41 entitles them to a rescission of the loan pursuant to Title 15 C.F.R.§ 1639(j).

## FOURTH CAUSE OF ACTION

## VIOLATION OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICE ACT

### (AGAINST SLS DEFENDANT and GHIC DEFENDANT)

39.    PLAINTIFF incorporates by reference, as though fully set forth in the preceding paragraphs this Complaint.

40.    SLS DEFENDANT and GHIC are debt collectors as defined by Civ.Code §1788.2(f), which now includes mortgage debt.

41.    The FDCPA prohibits a debt collector from making a false representation of the amount,  character or status of a debt. See Title 15 U.S.C. § 1692(e)(2)

42.    SLS DEFENDANT and GHIC DEFENDANT misrepresented the amount of the debt by including interest and fees that it is federally prohibited from collecting on the PLAINTIFF(S)'s loan in its reinstatement calculation, which was included in the recorded notice of default. SLS DEFENDANT

7

and GHIC DEFENDANT has made other false statements to PLAINTIFF regarding the amount of the his debt.

43.     The Rosenthal Fair Debt Collections Practices Act requires debt collectors to comply with  the requirements of the FDCPA.

44.     SLS DEFENDANT and GHIC DEFENDANT has violated the FDCPA, and by extension, California's Rosenthal Fair Debt Collections Practices Act.

45.     PLAINTIFF is entitled to $1,000 each for DEFENDANTS violations of the Rosenthal Act pursuant to Civ.Code § 1788.30(b).

45.     PLAINTIFF is entitled to for attorney's fees pursuant to Civ.Code § 1788.30(c).

## FIFTH CAUSE OF ACTION

## VIOLATION OF FIN.CODE §4978(a)

### (AGAINST SLS DEFENDANT)

46.     PLAINTIFF re-alleges and incorporates all preceding paragraphs as though set forth fully herein.

47.     SLS DEFENDANT knew at the time of the loan that PLAINTIFFS could not afford the loan.

48.     Fin.Code §4973 provides for the following provisions.

(e) A covered loan shall not contain a provision that increases the interest rate as a result of a default. This provision does not apply to interest rate changes in a variable rate loan otherwise consistent with the provisions of the loan documents, provided the change in the interest rate is not triggered by the event of default or the acceleration for the indebtedness.

(f) (1) A person who originates covered loans shall not make or arrange a covered loan unless at the time the loan is consummated, the person reasonably believes the consumer, or consumers, when considered collectively in the case of multiple consumers, will be able to make the scheduled payments to repay the obligation based upon a consideration of their current and expected income, current obligations, employment status, and other financial resources, other than the consumer's equity in the dwelling that secures repayment of the loan. In the case of a covered loan that is structured to increase

8

GONZALEZ v. SPECIALIZED LOAN SERVICING, LLC, et al.- PLAINTIFF'S COMPLAINT

to a specific designated rate, stated as a number or formula, at a specific predetermined date not exceeding 37 months from the date of application, this evaluation shall be based upon the fully indexed rate of the loan calculated at the time of application.

49.     Because SLS DEFENDANT's loan violated Fin.Code §4973(e) and (f) PLAINTIFF is entitled to monetary damages of $15,000 pursuant to Fin.Code §4978(a)

50.     Because SLS DEFENDANT's loan violated Fin.Code §4973(e) and (f). PLAINTIFF is entitled to monetary damages of $15,000 pursuant to Fin.Code §4978(a)

51.     PLAINTIFF is entitled to attorney's fees pursuant to Fin.Code §4978(a).

52.     PLAINTIFF is entitled to an injunction modifying the negative amortization loan pursuant to Fin.Code §4978(b).

## SIXTH CAUSE OF CAUSE

## VIOLATION OF CIV.CODE § 1788.17, UNFAIR DEBT COLLECTION PRACTICES

## (AGAINST WSC DEFENDANT, IMH DEFENDANT, ZBS DEFENDANT, HBC DEFENDANT)

53.     PLAINTIFFS re-allege and incorporate all preceding paragraphs as though set forth fully herein.

54.     PLAINTIFFS are consumers.

55.     PLAINTIFFS object to the collection activity of DEFENDANTS arising from the debt on the Deed of Trust to the Subject Property.

56.     DEFENDANTS are debt collectors under the FDCPA. See *Dowers v. Nationstar Mortgage, LLC*, 852 F.3d 964 (2017).

57.     DEFENDANTS violated Title 15 U.S.C. § 1692(e)(2) by falsely stating an amount owed that was not owed to DEFENDANTS.

58.     PLAINTIFFS are entitled to $1,000 each for DEFENDANTS violations of the Rosenthal Act pursuant to.Civ.Code § 1788.30(b).

59.     PLAINTIFFS are entitled to for attorney's fees pursuant to Civ.Code § 1788.30(c).

//

//

//

9

GONZALEZ v. SPECIALIZED LOAN SERVICING, LLC, et al.- PLAINTIFF'S COMPLAINT

## EIGHTH CAUSE OF ACTION

## NEGLIGENCE

## (AGAINST SLS DEFENDANT and GHIC DEFENDANT)

60.    PLAINTIFF re-alleges and incorporates all preceding paragraphs as though set forth fully herein.

61.    Recently, California courts have taken the position that a bank or lender may owe the borrower a duty not to act negligently in handling a loan modification application once it has undertaken to review the application. *Lueras v. BAC Home Loans Servicing LP* (2013) 221 Cal. App. 4th 49, 49, 63.

62.    Typically, a financial institution owes no duty of care to a borrower. Yet it may where its activities either exceed those of a conventional lender or according to a review of six non-exhaustive factors. These factors are: 1) the extent to which the transaction was intended to affect the PLAINTIFF; 2) the foreseeability of harm to him; 3) the degree of certainty that the PLAINTIFF suffered injury; 4) the closeness of the connection between SLS DEFENDANT and GHIC DEFENDANT's conduct and the injury suffered; 5) the moral blame attached to SLS DEFENDANT and GHIC DEFENDANT's conduct; and 6) the policy of preventing future harm.

63.    PLAINTIFF alleges that SLS DEFENDANT and GHIC DEFENDANT breached their duty of ordinary care and good faith to PLAINTIFF, their duty not to put PLAINTIFF in a worse position than when they:

      a.   Failed to notify the homeowner about possible foreclosure and to wait 30 days after notice to record a Notice of Default in violation of Civ.Code §2923.5.

      b.   Violated Title 12 C.F.R. §1026.41 by failing to provide periodic loan statements.

      c.   Violate Fin.Code §4973 by giving PLAINTIFF a predatory loan that they knew he could not pay for completely, and would at some point default.

64.    Under *Biakanja v. Irving*, there are six (6) factors courts must analyze in determining whether a lender or servicer owes the borrower a duty of care: (1) the extent to which the transaction was intended to affect the plaintiff; (2) the foreseeability of harm to him; (3) the degree of certainty that the plaintiff suffered injury; (4) the closeness of the connection between

65.   SLS DEFENDANT and GHIC DEFENDANT 's conduct and the injury suffered; (5) the moral blame attached to Title 12 C.F.R. §1026.41 and Fin.Code §4973(e) and (f)'s conduct; and (6) the policy of preventing future harm. *Biakanja*, 49 Cal.2d at 650.

66.   SLS DEFENDANT and GHIC DEFENDANT owed PLAINTIFF a duty of care as their activities ***exceeded*** the traditional scope of conventional money lending. SLS DEFENDANT and GHIC DEFENDANT's activities exceeded this scope when they undertook to review PLAINTIFF for modification assistance. In doing this, SLS DEFENDANT and GHIC DEFENDANT ceased acting wholly as money lenders and began acting instead as *agents* for the Departments of Treasury, and Housing and Urban Development, officiating their Making Home Affordable Program, through which loan modification is awarded. SLS DEFENDANT and GHIC DEFENDANT's activities further exceeded this scope, as money lenders are traditionally in the business of collecting, not modifying loans.

67.   SLS DEFENDANT and GHIC DEFENDANT's breaches are the ***actual*** and ***proximate cause*** of PLAINTIFF's damages because, but for their breaches, PLAINTIFF's loan would have been modified, arrearages would not have been capitalized, the loan would have become current, and the monthly payments would have been decreased avoiding late penalties. If SLS DEFENDANT and GHIC DEFENDANT acted reasonably and even if they denied PLAINTIFF's RMA within the statutory and or reasonable period, Plaintiff would have avoided a large arrears and large interest, which could now possibly cause foreclosure of the property.

68.   As a consequence of SLS DEFENDANT and GHIC DEFENDANT's practice in this regard, PLAINTIFF suffered damages by: **(1)** Excess interest and penalties for failing to showpaymetns due; **(2)** loss of income due to borrowers' loss of hours at work in order to facilitate SLS DEFENDANT and GHIC DEFENDANT's repetitive request for unnecessary documents; **(3)** incurred additional and unnecessary late penalties on top of the default servicing which included the recording of the Notice of Sale; **(4)** damaged his credit in the process; and **(5)** higher arrears that is no longer affordable to Plaintiff.

69.   PLAINTIFF demands restitution and damages in an amount to be determined at trial and to disgorge their profits. PLAINTIFF incurred copying and faxing costs and attorney fees in the loan

---

11

modification application process.

## NINTH CAUSE OF ACTION

## UNFAIR BUSINESS PRACTICES, VIOLATION OF BUS. & PROF.CODE §17200, ET SEQ.

### (AGAINST SLS DEFENDANT and GHIC DEFENDANT)

70.     PLAINTIFF re-alleges and incorporates all preceding paragraphs as though set forth fully herein.

71.     SLS DEFENDANT is engaged in the business of lending money for real property purchases and selling mortgages/deed of trust as secured loans, and or servicing those loans.

72.     GHIC DEFENDANT is engaged in the business of securitized, real estate investment trust on Wall Street, New York, New York.

73.     PLAINTIFF alleges that SLS DEFENDANT and GHIC DEFENDANT violated Bus. & Prof. Code §§ 17200, *et seq.*, by engaging in unlawful, unfair, and fraudulent business practices as alleged above.

74.     PLAINTIFF alleges that SLS DEFENDANT and GHIC DEFENDANT violated the "unfair," "unlawful," and "fraudulent" prongs of the UCL resulting in injury and economic loss to PLAINTIFF when they purposely violated California Civ. Code §§ 2923.5, Title 12 C.F.R. §1026.41 and Fin.Code §4973.

75.     PLAINTIFF alleges that these acts and more are unlawful and unfair conduct has caused substantial harm to PLAINTIFF and the California citizenry at large. A borrower may bring an unfair claim per the statute by alleging that a servicer's statements or conduct was misleading.

76.     In the present case, the information provided to PLAINTIFF was certainly misleading and not consistent as to the status of the loan modification and what she was supposed to do to satisfy the lender's demands.

77.     PLAINTIFF has suffered an actual, pecuniary injury of the loss of the equity in the value of the Subject Property, and the costs of seeking a remedy for SLS DEFENDANT and GHIC DEFENDANT's actions.

78.     Under the three-factor analysis test found in *Zuniga v. Bank of America, N.A.,* 2014 WL 7156403 (C.D. Cal. Dec. 9, 2014), PLAINTIFF have stated a viable UCL claim.

12

79.     PLAINTIFF   demands   restitution,   and   that   SLS   DEFENDANT   and   GHIC DEFENDANT disgorge their illicit profits and that PLAINTIFF receives all monetary awards statutorily due to him.

## **PRAYER FOR RELIEF**

WHEREFORE, PLAINTIFF prays for judgment in his favor and against DEFENDANTS and each of them as follows:

1.     For restitution and the disgorgement of profits;

2.     For actual damages for these violations pursuant to Title 15 U.S. Code § 1640(a).

3.     For a rescission of the loan pursuant to Title 15 C.F.R.§ 1639(j).

4.     For monetary damages of $15,000 pursuant to Fin.Code §4978(a)

5.     For attorney's fees pursuant to Fin.Code §4978(a).

6.     For an injunction modifying the negative amortization loan pursuant to Fin.Code §4978(b).

7.     For $1,000 for each for DEFENDANTS violations of the Rosenthal Act pursuant to Civ.Code § 1788.30(b).

8.     PLAINTIFF is entitled to for attorney's fees pursuant to Civ.Code § 1788.30(c).

9.     For reasonable costs of suit pursuant to Code Civ.Proc. § 1032;

10.    For recompense of damages and arrears; and

11.    For any other relief as it may deem just and proper.

DATED:  March 12, 2022                           CDLG, PC

BY:     _____

                                                 Tony Cara, Esq.
                                                 Attorney for PLAINTIFF, Rene Gonzalez

13

GONZALEZ v. SPECIALIZED LOAN SERVICING, LLC, et al.- PLAINTIFF'S COMPLAINT



# EXHIBIT "A"

DOC # 2005-0434131
06/01/2005 08:00A Fee:36.00
Page 1 of 10
Recorded in Official Records
County of Riverside
Larry W. Ward
Assessor, County Clerk & Recorder

RECORDING REQUESTED BY:
FIRST SOUTHWESTERN TITLE COMPANY

After Recording Return To:
STEWART MORTGAGE INFORMATION
E-LOAN TRAILING DOCUMENTS
3910 KIRBY DRIVE SUITE 300
HOUSTON, TX 77098
800-795-5263

| M | S | U | PAGE | SIZE | DA | PCOR | NOCOR | SMF | MISC. |
|---|---|---|------|------|-----|------|-------|-----|-------|
|   |   |   | 1    | 10   | 1   |      |       |     |       |
| A | R | L |      |      |     | COPY | LONG  | REFUND | NCHG | EXAM |

This document was prepared by:
MARTHA BOLANOS
E-LOAN, INC.
6230 STONERIDGE MALL ROAD
PLEASANTON, CA 94588

Title Order No.: 000085134-74
Escrow No.: 13-2137

LOAN #: B0829908

## OPEN END DEED OF TRUST
### (Securing Future Advances)

MIN:  100039620008299081

THIS DEED OF TRUST is made on    MAY 18, 2005.        The trustor is Rene Gonzalez,

The trustee is  First Southwestern Title Company

("Trustee"). MERS is the beneficiary under this Deed of Trust. "MERS" is Mortgage Electronic Registration Systems, Inc. MERS is a separate corporation that is acting solely as a nominee for Lender and Lender's successors and assigns. MERS is organized and existing under the laws of Delaware, and has an address and telephone number of PO Box 2026, Flint, Michigan 48501-2026, tel. (888) 679-MERS. In this Deed of Trust, the terms "you," "your" and "yours" refer to the trustor(s). The terms "we," "us" and "our" refer to  E-LOAN, INC., A DELAWARE CORPORATION

("Lender"),

Initials: _____

CA - DEED OF TRUST - Single Family - HELOC - HC# 18376 (11/14/00)
© 2004 Online Documents, Inc.                    Page 1 of 7

CAZDEDL  0404
05-18-2005 10:06

LOAN #: B0629908

whose address is   6230 STONERIDGE MALL ROAD, PLEASANTON, CA 94588.

Pursuant to a Home Equity Line of Credit Agreement dated the same date as this Deed of Trust ("Agreement"), you may incur maximum unpaid loan indebtedness (exclusive of interest thereon) in amounts fluctuating from time to time up to the maximum principal sum outstanding at any time of   *****EIGHTY TWO THOUSAND TWO HUNDRED AND NO/100*******************************************  Dollars (U.S.      $82,200.00 ). All amounts due under the Agreement must be paid in full not later than   JUNE 1, 2015.

You agree that this Deed of Trust shall continue to secure all sums now or hereafter advanced under the terms of the Agreement including, without limitation, such sums that are advanced by us whether or not at the time the sums are advanced there is any principal sum outstanding under the Agreement. The parties hereto intend that this Deed of Trust shall secure unpaid balances, and all other amounts due to us hereunder and under the Agreement.

The beneficiary of this Deed of Trust is MERS (solely as a nominee for Lender and Lender's successors and assigns) and the successors and assigns of MERS. This Deed of Trust secures to us: (a) the repayment of the debt evidenced by the Agreement, with interest, and all refinancings, renewals, extensions and modifications of the Agreement; (b) the payment of all other sums, with interest, advanced under this Deed of Trust to protect the security of this Deed of Trust; and (c) the performance of your covenants and agreements under this Deed of Trust and the Agreement. For this purpose, and in consideration of the debt, you irrevocably grant and convey to the Trustee and Trustee's successors and assigns, in trust, with power of sale, the following described property located in      Riverside                          County, California:

LOT 15 OF TRACT NO. 4873-11, IN THE CITY OF CORONA, COUNTY OF RIVERSIDE, STATE OF CALIFORNIA, AS PER MAP RECORDED IN BOOK 85, PAGES 10 AND 11, OF MAPS, IN THE OFFICE OF THE COUNTY RECORDER OF RIVERSIDE COUNTY.
APN #: 112-071-015-2

which has the address of 1752 Fraser Circle, Corona,

California      92882              ("Property Address");

TOGETHER WITH all the improvements now or hereafter erected on the property, and all easements, rights, appurtenances, and fixtures now or hereafter a part of the property. All replacements and additions shall also be covered by this Deed of Trust. All of the foregoing is referred to in this Deed of Trust as the "Property." You understand and agree that MERS holds only legal title to the interests granted by you in this Deed of Trust, but, if necessary to comply with law or custom, MERS (as nominee for Lender and Lender's successors and assigns) has the right: to exercise any or all of those interests, including, but not limited to, the right to foreclose and sell the Property; and to take any action required of Lender including, but not limited to, releasing and canceling this Deed of Trust.

YOU COVENANT that you are lawfully seised of the estate hereby conveyed and have the right to grant and convey the Property and that the Property is unencumbered, except for encumbrances of record. You warrant and will defend generally the title to the Property against all claims and demands, subject to any encumbrances of record.

CA - DEED OF TRUST - Single Family - HELOC - HC# 19376 (11/14/99)
© 2004 Online Documents, Inc.                         Page 2 of 7

Initials: RG.

CAZDEDL  0404
05-18-2005 10:06

LOAN #: 20829908

**YOU AND WE** covenant and agree as follows:

**1. Payment of Principal, Interest and Other Charges.** You shall pay when due the principal and interest owing under the Agreement and all other charges due hereunder and due under the Agreement.

**2. Application of Payments.** Unless applicable law provides otherwise, all payments received by us under the Agreement and Section 1 shall be applied by us as provided in the Agreement.

**3. Prior Deed of Trusts; Charges; Liens.** You have disclosed to us and obtained our approval of any mortgage, deed of trust or other security agreement with a lien which has priority over this Deed of Trust. You shall perform all of your obligations under any mortgage, deed of trust or other security instruments with a lien which has priority over this Deed of Trust, including your covenants to make payments when due. You shall pay all taxes, assessments, charges, fines and impositions attributable to the Property which may attain priority over this Deed of Trust or any advance under this Deed of Trust, and leasehold payments or ground rents, if any. Upon our request, you shall promptly furnish to us all notices of amounts to be paid under this paragraph and receipts evidencing any such payments you make directly. You shall promptly discharge any lien (other than a lien disclosed to us in your application or in any title report we obtained) which has priority over this Deed of Trust or any advance under this Deed of Trust.

If applicable law authorizes us to do so, we specifically reserve to ourself and our successors and assigns the unilateral right, upon an event of default in payment of taxes, assessments or insurance on the Property, to require, upon notice, that you pay to us on the day monthly payments are due an amount equal to one-twelfth (1/12) of the yearly taxes, and assessments (including condominium and planned unit development assessments, if any) which may attain priority over this Deed of Trust and ground rents on the Property, if any, plus one-twelfth (1/12) of yearly premium installments for hazard and mortgage insurance, all as we reasonably estimate initially and from time to time, as allowed by and in accordance with applicable law.

**4. Hazard Insurance.** You shall keep the Property insured against loss by fire, hazards included within the term "extended coverage" and any other hazards, including floods or flooding and earthquakes, for which we require insurance. This insurance shall be maintained in the amounts and for the periods that we require. You may choose any insurer reasonably acceptable to us. Insurance policies and renewals shall be acceptable to us and shall include a standard mortgagee clause. If we require, you shall promptly give us all receipts of paid premiums and renewal notices. If you fail to maintain coverage as required in this section, you authorize us to obtain such coverage as we in our sole discretion determine appropriate to protect our interest in the Property in accordance with the provisions in Section 6. You understand and agree that any coverage we purchase may cover only our interest in the Property and may not cover your interest in the Property or any personal property therein. You also understand and agree that the premium for any such insurance may be higher than the premium you would pay for such insurance. You shall promptly notify the insurer and us of any loss. We may make proof of loss if you do not promptly do so.

We may also, at our option and on your behalf, adjust and compromise any claims under the insurance, give releases or acquittances to the insurance company in connection with the settlement of any claim and collect and receive insurance proceeds. You appoint us as your attorney-in-fact to do all of the foregoing, which appointment you understand and agree is irrevocable, coupled with an interest with full power of substitution and shall not be affected by your subsequent disability or incompetence.

Insurance proceeds shall be applied to restore or repair the Property damaged, if restoration or repair is economically feasible and our security would not be lessened. Otherwise, insurance proceeds shall be applied to sums secured by this Deed of Trust, whether or not then due, with any excess paid to you. If you abandon the Property, or do not answer within 30 days after we give notice to you that the insurer has offered to settle a claim, then we may collect and use the proceeds to repair or restore the Property or to pay sums secured by this Deed of Trust, whether or not then due. Any application of proceeds to principal shall not require us to extend or postpone the due date of monthly payments or change the amount of monthly payments. If we acquire the Property at a forced sale following your default, your right to any insurance proceeds resulting from damage to the Property prior to the acquisition shall pass to us to the extent of the sums secured by this Deed of Trust immediately prior to the acquisition.

You shall not permit any condition to exist on the Property which would, in any way, invalidate the insurance coverage on the Property.

CA - DEED OF TRUST - Single Family - HELOC - HC# 19376 (11/14/99)
© 2004 Online Documents, Inc.                                **Page 3 of 7**

Initials: _PG._

CAZDEDL  0404
05-18-2005 10:06

LOAN #: B0829908

**5. Preservation, Maintenance and Protection of the Property; Your Loan Application; Leaseholds.** You shall not destroy, damage or substantially change the Property, allow the Property to deteriorate, or commit waste. You shall be in default if any forfeiture action or proceeding, whether civil or criminal, is begun that in our good faith judgment could result in forfeiture of the Property or otherwise materially impair the lien created by this Deed of Trust or our security interest. You may cure such a default, as provided in Section 17, by causing the action or proceeding to be dismissed with a ruling that, in our good faith determination, precludes forfeiture of your interest in the Property or other material impairment of the lien created by this Deed of Trust or our security interest. You shall also be in default if you, during the loan application process, gave materially false or inaccurate information or statements to us (or failed to provide us with any material information) in connection with the loan evidenced by the Agreement, including, but not limited to, representations concerning your occupancy of the Property as a principal residence. If this Deed of Trust is on a leasehold, you shall comply with the lease. You shall not surrender the leasehold estate and interests herein conveyed or terminate or cancel the ground lease. You shall not, without the express written consent of Lender, alter or amend the ground lease. If you acquire fee title to the Property, the leasehold and fee title shall not merge unless we agree to the merger in writing.

**6. Protection of Our Rights in the Property; Mortgage Insurance.** If you fail to perform the covenants and agreements contained in this Deed of Trust, or there is a legal proceeding that may significantly affect our rights in the Property (such as a proceeding in bankruptcy, probate, for condemnation or forfeiture or to enforce laws or regulations), then we may do, and pay for, anything necessary to protect the Property's value and our rights in the Property. Our actions may include paying any sums secured by a lien which has priority over this Deed of Trust or over any advance under the Agreement or this Deed of Trust, appearing in court, paying reasonable attorney's fees, paying any sums which you are required to pay under this Deed of Trust and entering on the Property to make repairs. We do not have to take any action we are permitted to take under this Section; and amounts we pay under this Section shall become additional debts you owe us and shall be secured by this Deed of Trust. These amounts shall bear interest from the disbursement date at the rate established under the Agreement and shall be payable, with interest, upon our request. If we required mortgage insurance as a condition of making the loan secured by this Deed of Trust, you shall pay the premiums for such insurance until such time as the requirement for the insurance terminates.

**7. Inspection.** We may enter and inspect the Property at any reasonable time and upon reasonable notice.

**8. Condemnation.** The proceeds of any award for damages, direct or consequential, in connection with any condemnation or other taking of any part of the Property, or for conveyance in lieu of condemnation, are hereby assigned and shall be paid to us. If the Property is abandoned, or if, after notice by us to you that the condemnor offers to make an award or settle a claim for damages, you fail to respond to us within 30 days after the date the notice is given, we are authorized to collect and apply the proceeds, at our option, either to restoration or repair of the Property or to the sums secured by this Deed of Trust, whether or not then due. Unless we and you otherwise agree in writing, any application of proceeds to principal shall not extend or postpone the due date of the monthly payments payable under the Agreement and Section 1 or change the amount of such payments.

**9. No Release Upon Extension or Modification.** Our granting of any extension of time for payment or our agreement to modify the terms of repayment of the obligations under the Agreement or the requirements in this Deed of Trust shall not operate to release you from your obligations or liability under the Agreement or this Deed of Trust.

**10. Successors and Assigns Bound; Joint and Several Liability; Co-signers.** The covenants and agreements of this Deed of Trust shall bind and benefit your successors and permitted assigns. Your covenants and agreements shall be joint and several. Anyone who co-signs this Deed of Trust but does not execute the Agreement: (a) is co-signing this Deed of Trust only to mortgage, grant and convey such person's interest in the Property; (b) is not personally obligated to pay the Agreement, but is obligated to pay all other sums secured by this Deed of Trust; and (c) agrees that we and anyone else who signs this Deed of Trust may agree to extend, modify, forbear or make any accommodations regarding the terms of this Deed of Trust or the Agreement without such person's consent.

**11. Loan Charges.** If the loan secured by this Deed of Trust is subject to a law which sets maximum loan charges, and that law is finally interpreted so that the interest or other loan charges collected or to be collected in connection with the loan exceed the permitted limits, then: (a) any such loan charge shall be reduced by the amount necessary to reduce

CA - DEED OF TRUST - Single Family - HELOC - HC# 19376 (11/14/00)
© 2004 Online Documents, Inc.          **Page 4 of 7**

Initials: _RG_
CAZDEDL  0404
05-18-2005 10:06

EXHIBIT A
PAGE 18 OF 44

LOAN #: B0829906

the charge to the permitted limit; and (b) any sums already collected from you which exceed permitted limits will be refunded to you. We may choose to make this refund by reducing the principal owed under the Agreement or by making a direct payment to you. If a refund reduces principal, the reduction will be treated as a partial prepayment without any prepayment charge under the Agreement.

**12. Notices.** Unless otherwise required by law, any notice to you provided for in this Deed of Trust shall be delivered or mailed by first class mail to the Property Address or any other address you designate by notice to us, and any notice to us shall be delivered or mailed by first class mail to our address stated above or any other address we designate by notice to you.

**13. Governing Law; Severability.** The interpretation and enforcement of this Deed of Trust shall be governed by the law of the jurisdiction in which the Property is located, except as preempted by federal law. In the event that any provision or clause of this Deed of Trust or the Agreement conflicts with applicable law, such conflict shall not affect other provisions of this Deed of Trust or the Agreement which can be given effect without the conflicting provision. To this end the provisions of this Deed of Trust and the Agreement are declared to be severable.

**14. Transfer of the Property.** If all or any part of the Property or any interest in it is sold or transferred without our prior written consent, we may, at our option, require immediate payment in full of all sums secured by this Deed of Trust. However, this option shall not be exercised by us if exercise is prohibited by federal law as of the date of this Deed of Trust.

**15. Sale of Agreement; Change of Loan Servicer.** The Agreement or a partial interest in the Agreement (together with this Deed of Trust) may be sold one or more times without prior notice to you. A sale may result in a change in the entity (known as the "Loan Servicer") that collects monthly payments due under the Agreement and this Deed of Trust. There also may be one or more changes of the Loan Servicer unrelated to the sale of the Agreement. If there is a change of the Loan Servicer, you will be given written notice of the change as required by applicable law. The notice will state the name and address of the new Loan Servicer and the address to which payments should be made. The notice will also contain any information required by applicable law.

**16. Hazardous Substances.** You shall not cause or permit the presence, use, disposal, storage, or release of any Hazardous Substances on or in the Property. You shall not do, nor allow anyone else to do, anything affecting the Property that is in violation of any Environmental Law. The preceding two sentences shall not apply to the presence, use, or storage on the Property of Hazardous Substances in quantities that are generally recognized to be appropriate to normal residential uses and to maintenance of the Property. You shall promptly give us written notice of any investigation, claim, demand, lawsuit or other action by any governmental or regulatory agency or private party involving the Property and any Hazardous Substance or Environmental Law of which you have actual knowledge. If you learn or are notified by any government or regulatory authority, that any removal or other remediation of any Hazardous Substance affecting the Property is necessary, you shall promptly take all necessary remedial actions in accordance with Environmental Law. As used in this Deed of Trust, "Hazardous Substances" are those substances defined as toxic or hazardous substances by Environmental Law and the following substances: gasoline, kerosene, other flammable or toxic petroleum products, toxic pesticides and herbicides, volatile solvents, materials containing asbestos or formaldehyde, and radioactive materials. As used in this Deed of Trust, "Environmental Law" means federal laws and laws of the jurisdiction where the Property is located that relate to health, safety or environmental protection.

**17. Acceleration; Remedies.** You will be in default if (1) any payment required by the Agreement or this Deed of Trust is not made when it is due; (2) we discover that you have committed fraud or made a material misrepresentation in connection with the Agreement; or (3) your action, or your failure to act, adversely affects our security for the Agreement or any right we have in the Property. If a default occurs, we will give you notice specifying: (a) the default; (b) the action required to cure the default; (c) a date, not less than 30 days from the date the notice is given to you, by which the default must be cured; and (d) that failure to cure the default on or before the date specified in the notice may result in acceleration of the sums secured by this Deed of Trust and sale of the Property. The notice shall further inform you of the right to reinstate after acceleration and the right to bring a court action to assert the nonexistence of a default or any other defense you may have to

CA - DEED OF TRUST - Single Family - HELOC - HC# 19376 (11/14/00)
© 2004 Online Documents, Inc.                    **Page 5 of 7**

Initials: _RG_

CAZDEDL 0404
05-18-2005 10:06

LOAN #: 20829902

acceleration and sale. If the default is not cured on or before the date specified in the notice, we, at our option, may require immediate payment in full of all sums secured by this Deed of Trust without further demand and may invoke the power of sale and other remedies permitted by applicable law. We shall be entitled to collect all expenses incurred in pursuing remedies provided in this Section 17, including, but not limited to, reasonable attorneys' fees as permitted by applicable law.

If we invoke the power of sale, we shall execute or cause Trustee to execute a written notice of the occurrence of an event of default and of our election to cause the Property to be sold. Trustee shall cause this notice to be recorded in each county in which any part of the Property is located. We or the Trustee shall mail copies of the notice as prescribed by applicable law to you and to the other persons prescribed by applicable law. Trustee shall give public notice of sale to the persons and in the manner prescribed by applicable law. After the time required by applicable law, Trustee, without demand on you, shall sell the Property at public auction to the highest bidder at the time and place and under the terms designated in the notice of sale in one or more parcels and in any order Trustee determines. Trustee may postpone sale of all or any parcel of the Property by public announcement at the time and place of any previously scheduled sale. We or our designee may purchase the Property at any sale.

Trustee shall deliver to the purchaser Trustee's deed conveying the Property without any covenant or warranty, expressed or implied. The recitals in the Trustee's deed shall be conclusive evidence of the truth of the statements made therein, unless otherwise provided by applicable law. Trustee shall apply the proceeds of the sale in the following order: (a) to all expenses of the sale, including, but not limited to, reasonable Trustee's and attorneys' fees, as set forth above; (b) to all sums secured by this Deed of Trust; and (c) any excess to the person or persons legally entitled to it.

**18. Discontinuance of Enforcement.** Notwithstanding our acceleration of the sums secured by this Deed of Trust under the provisions of Section 17, we may, in our sole discretion and upon such conditions as we in our sole discretion determine, discontinue any proceedings begun to enforce the terms of this Deed of Trust.

**19. Release.** Upon payment of all sums secured by this Deed of Trust, we or the Trustee shall release this Deed of Trust. You shall pay any recordation or filing costs and any fees paid to a third party for services rendered in reconveying or releasing this Deed of Trust, to the extent allowed by law.

**20. Substitute Trustee.** We may, at our option, from time to time appoint a successor trustee to any Trustee appointed hereunder by an instrument executed and acknowledged by us and recorded in the office of the Recorder of the county in which the Property is located. The instrument shall contain the name of the original lender, Trustee and borrower, the book and page where this Deed of Trust is recorded and the name and address of the successor trustee. Without conveyance of the Property, the successor trustee shall succeed to all the title, powers and duties conferred upon the Trustee herein and by applicable law. This procedure for substitution of trustee shall govern to the exclusion of all other provisions for substitution.

**21. Request for Notices.** You request that copies of the notices of default and sale be sent to your address which is the Property Address.

**22. Statement of Obligation Fee.** We may collect a fee not to exceed the maximum amount permitted by law for furnishing the statement of obligation as provided in Section 2943 of the Civil Code of California.

**23. Waiver.** No waiver by us at any time of any term, provision or covenant contained in this Deed of Trust or in the Agreement secured hereby shall be deemed to be or construed as a waiver of any other term, provision or covenant or of the same term, provision or covenant at any other time.

**24. Additional Charges.** You agree to pay reasonable charges as allowed by law in connection with the servicing of this loan including, without limitation, the costs of obtaining tax searches and subordinations, provided, however, that nothing contained in this section is intended to create and shall not be construed to create any duty or obligation by us to perform any such act, or to execute or consent to any such transaction or matter, except a release of the Deed of Trust upon full repayment of all sums secured thereby.

CA - DEED OF TRUST - Single Family - HELOC - HC# 18376 (11/14/99)
© 2004 Online Documents, Inc.                                    **Page 6 of 7**

Initials: _RG_

CAZDEDL 0404
05-18-2005 10:06

EXHIBIT A
PAGE 20 OF 44

LOAN #: B0829905

**25. Riders to this Deed of Trust.** If one or more riders are executed by you and recorded together with this Deed of Trust, the covenants and agreements of each such rider shall be incorporated into and shall amend and supplement the covenants and agreements of this Deed of Trust as if the rider(s) were a part of this Deed of Trust. [Check applicable box(es)]

☐ Condominium Rider    ☐ 1-4 Family Rider    ☐ Planned Unit Development Rider
☒ Other(s) [specify]   EQUITY LINE RIDER

BY SIGNING BELOW, You accept and agree to the terms and covenants contained in this Deed of Trust and in any rider(s) executed by you and recorded with it.
Signed, sealed and delivered in the presence of:

_____ 5/19/05 (Seal)
Rene Gonzalez

State of CALIFORNIA                    County of: Riverside

On 5-19-05 JLN before me, J. L. Nagle , personally appeared Rene Gonzalez personally known to me (or proved to me on the basis of satisfactory evidence) to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

WITNESS my hand and official seal.

[Notary seal: J. L. NAGLE, Commission # 1525054, Notary Public - California, Riverside County, My Comm. Expires Nov 19, 2008]

_____
NOTARY PUBLIC

CA - DEED OF TRUST - Single Family - HELOC - HC# 19376 (11/14/99)
© 2004 Online Documents, Inc.                    Page 7 of 7                    CAZDEDL  0404
                                                                        05-18-2005 10:06

EXHIBIT A
PAGE 21 OF 44

# Equity Line Rider

LOAN #: 30829908

MIN #: 10003962000829908

(Open end credit with ☐ fixed rate ☒ variable rate interest)

This Equity Line Rider is dated **MAY 18, 2005** and is an amendment to the Mortgage or Deed of Trust ("Mortgage") of the same date and given by the undersigned, **Rene Gonzalez**

("Borrower") to secure Borrower's Home Equity Line Agreement with

**E-LOAN, INC., A DELAWARE CORPORATION**

("Lender") of the same day covering the property described in the Mortgage and located at:

**1752 Fraser Circle, Corona, CA 92882.**

In addition to the covenants and agreements made in the Mortgage, Borrower and Lender further covenant and agree as follows:

1. The word "Note", as used in the Mortgage and this Rider, refers to the Home Equity Line of Credit Agreement.

2. The Note evidences an open end revolving line of credit agreement between Borrower and Lender under which future advances will be made. The amount stated in the Mortgage as the principal sum of the indebtedness is the current credit limit for the line of credit. All future advances from Lender to the Borrower under such evidence of debt, whether obligatory or discretionary shall be secured by the Mortgage. All obligatory future advances and advances to cure breaches of covenants contained in the Mortgage are secured as if made on the date of this Mortgage. Nothing in this Mortgage shall constitute a commitment to make additional or future loans or advances which exceed **$82,200.00** (which replicates the current provision in the parties written agreement providing for obligatory future advances.) All sums advanced and expenses incurred by Lender for insuring, preserving, or otherwise protecting the Property and its value and any other sums advanced and expenses incurred by Lender under the terms of this Security Instrument.

3. The Note provides for:
   A variable rate of interest expressed as a daily periodic rate equal to 1/365 of an annual rate of **1.375%** plus the "Index Rate". The daily periodic rate may increase if the highest prime rate published in the Wall Street Journal "Money

Initials: _RG_

Online Documents, Inc.                    Page 1 of 2          L1286RDU     L1286RLU 0203
                                                                05-18-2005 10:06

LOAN #: B0829908

Rates" table (the "Index Rate") increases. The initial daily periodic rate is
**0.0195%**       The annual percentage rate will never be more than      **18.000%**.
The daily periodic rate will be adjusted on the first business day of every month,
using the index rate in effect that day. Any increase in the daily periodic rate may
increase the monthly payment due.

**NOTICE: THIS MORTGAGE SECURES CREDIT IN THE AMOUNT OF
$82,200.00    LOANS AND ADVANCES UP TO THIS AMOUNT, TOGETHER
WITH INTEREST, ARE SENIOR TO INDEBTEDNESS TO OTHER CREDITORS
UNDER SUBSEQUENTLY RECORDED OR FILED MORTGAGES AND LIENS.**

_____ 5/19/05 (Seal)
Rene Gonzalez

# GOVERNMENT CODE 27361.7

## I HERBY CERTIFY UNDER PENALTY OF PERJURY THAT THE DOCUMENT TO WHICH THIS STATEMENT ATTACHED READS AS FOLLOWS:

PLACE OF EXECUTION: _____

DATE: _____

FIRM NAME: *First Southwestern Title of America* BY: _____

## GOVERNMENT CODE  27361.7

**I CERTIFY UNDER PENALTY OF PERJURY THAT THE NOTARY SEAL ON THE DOCUMENT TO WHICH THIS STATEMENTS IS ATTACHED READS AS FOLLOWS:**

NAME OF THE NOTARY   *J.L. Nagle*
COMMISSION NO. *1528056*
COUNTY WHERE BOND IS FILED   *Riverside*
DATE COMMISSION EXPIRES   *11/19/08*
MANUFACTURER/VENDOR NO.   *NNAI*
PLACE OF EXECUTION   *Orange*   DATE *5/20/05*
SIGNATURE *M. Villafind*  *First Southwestern Title of America*

**NOTICE OF DEFAULT**
**SUMMARY OF KEY INFORMATION**
RENE GONZALEZ

The attached notice of default was sent to _____ in

relation to  1752 FRASER CIR, CORONA, CA 92882
_____
(description of the property that secures the mortgage or deed of trust in default)
This property may be sold to satisfy your obligation and any other obligation secured by the
deed of trust or mortgage that is in default.  RENE GONZALEZ  has, as described in the

notice of default, breached the mortgage or deed of trust on the property described above.

IMPORTANT NOTICE:  IF YOUR PROPERTY IS IN FORECLOSURE BECAUSE YOU
ARE BEHIND IN YOUR PAYMENTS, IT MAY BE SOLD WITHOUT ANY COURT ACTION,
and you may have the legal right to bring your account in good standing by paying all of your
past due payments plus permitted costs and expenses within the time permitted by law for
reinstatement of your account, which is normally five business days prior to the date set for the
sale of your property. No sale date may be set until approximately 90 days from the date the
attached notice of default may be recorded (which date of recordation appears on the notice).

This amount is  $79,304.46  as of  07/23/2021  and will increase until your
_____                 _____
                                                 (date)
account becomes current.

While your property is in foreclosure, you still must pay other obligations (such as
insurance and taxes) required by your note and deed of trust or mortgage. If you fail to make
future payments on the loan, pay taxes on the property, provide insurance on the property, or
pay other obligations as required in the note and deed of trust or mortgage, the beneficiary or
mortgagee may insist that you do so in order to reinstate your account in good standing.  In
addition, the beneficiary or mortgagee may require as a condition to reinstatement that you
provide reliable written evidence that you paid all senior liens, property taxes, and hazard
insurance premiums.

Upon your written request, the beneficiary or mortgagee will give you a written
itemization of the entire amount you must pay.  You may not have to pay the entire unpaid
portion of your account, even though full payment was demanded, but you must pay all
amounts in default at the time payment is made.  However, you and your beneficiary or
mortgagee may mutually agree in writing prior to the time the notice of sale is posted (which
may not be earlier than three months after this notice of default is recorded) to, among other
things, (1) provide additional time in which to cure the default by transfer of the property or
otherwise; or (2) establish a schedule of payments in order to cure your default; or both (1) and
(2).

Following the expiration of the time period referred to in the first paragraph of this
notice, unless the obligation being foreclosed upon or a separate written agreement between

Civil Code Section 2923.3(c)(2)                1                (Revised 12/18/12)





# EXHIBIT "B"

DOC # 2021-0312288
05/20/2021 04:33 PM Fees: $99.00
Page 1 of 1
Recorded in Official Records
County of Riverside
Peter Aldana
Assessor-County Clerk-Recorder

APN:112-071-015
Recording Requested By
Affinia Default Services, LLC

When recorded, mail to:
Affinia Default Services, LLC
301 E. Ocean Blvd. Suite 1720
Long Beach, CA 90802

\*\*This document was electronically submitted
to the County of Riverside for recording\*\*
Receipted by: TERESA #134

Trustee's Sale No: 9462-7153

## SUBSTITUTION OF TRUSTEE

WHEREAS RENE GONZALEZ was the original Trustor, and FIRST SOUTHWESTERN TITLE COMPANY was the original Trustee, and MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. SOLELY AS NOMINEE FOR E-LOAN, INC., ITS SUCCESSORS AND ASSIGNS was the original Beneficiary under that certain Deed of Trust dated 05/18/2005, and recorded on 06/01/2005 under Instrument No.: 2005-0434131, Official Records of Riverside County, California; and WHEREAS, Gulf Harbour Investments Corporation, the undersigned, is the present Beneficiary under said Deed of Trust, and WHEREAS the undersigned desires to substitute a new Trustee under said Deed of Trust in the place and instead of said original Trustee or previously substituted Trustee;

NOW, THEREFORE, the undersigned hereby substitutes AFFINIA DEFAULT SERVICES, LLC, whose address is 301 E. Ocean Blvd. Suite 1720, Long Beach, CA 90802, as Successor Trustee under said Deed of Trust.

Whenever the context hereof so requires, the masculine gender includes the feminine and/or neuter, and the singular number includes the plural.

DATED: **MAY 1 1 2021**

Gulf Harbour Investments Corporation by Specialized Loan Servicing LLC, its attorney-in-fact

By:

Name: Steven Ross

Title: Second Assistant Vice President

State of Colorado
County of Arapahoe

The foregoing instrument was acknowledgment before me this **MAY 1 1 2021** by Steven Ross of Specialized Loan Servicing LLC, a Delaware Limited Liability Company, on behalf of the LLC.

(Notary's official Signature) Melinda M. Armstrong

(Commission Expiration) March 1, 2022

MELINDA M. ARMSTRONG
NOTARY PUBLIC
STATE OF COLORADO
NOTARY ID 20014038212
MY COMMISSION EXPIRES MARCH 01, 2022



# EXHIBIT "C"

Doc # 2021-0446181
07/28/2021 05:00 PM Fees: $108.00
Page 1 of 4
Recorded in Official Records
County of Riverside
Peter Aldana
Assessor-County Clerk-Recorder

**This document was electronically submitted
to the County of Riverside for recording**
Receipted by: KAREN #277

RECORDING REQUESTED BY:
LPS Default Title & Closing
3220 El Camino Real
Irvine, CA 92602

WHEN RECORDED MAIL TO:
Affinia Default Services, LLC
301 E. Ocean Blvd. Suite 1720
Long Beach, CA 90802

SPACE ABOVE THIS LINE FOR RECORDER'S USE

APN: 112-071-015    TS No.: 9462-7153    TSG ORDER No.:210186171-CA-VOI

## NOTICE OF DEFAULT AND ELECTION TO SELL UNDER DEED OF TRUST
## IMPORTANT NOTICE

### 違約通知
### 注：本文件包含一个信息摘要

NOTE: THERE IS A SUMMARY OF THE INFORMATION IN THIS DOCUMENT ATTACHED

### 채무 불이행 통지서
### 참고사항: 본 첨부 문서에 정보 요약서가 있습니다

### AVISO DE INCUMPLIMIENTO
NOTA: SE ADJUNTA UN RESUMEN DE LA INFORMACION DE ESTE DOCUMENTO

### PABATID NG HINDI PAGKAKABAYAD

### THÔNG BÁO VỀ VIỆC QUÁ HẠN TRẢ NỢ
LƯU Ý: KÈM THEO ĐÂY LÀ BẢN TRÌNH BÀY TÓM LƯỢC VỀ THÔNG TIN TRONG TÀI LIỆU NÀY

TALA: MAYROONG BUOD NG IMPORMASYON SA DOKUMENTONG ITO NA NAKALAKIP

**(The above statement is made pursuant to CA Civil Code Section 2923.3(c)(1). The Summary will be provided to Trustor(s) and/or vested owner(s) only, pursuant to CA Civil Code Section 2923.3(c)(2).)**

**IF YOUR PROPERTY IS IN FORECLOSURE BECAUSE YOU ARE BEHIND IN YOUR PAYMENTS IT MAY BE SOLD WITHOUT ANY COURT ACTION,** and you may have the legal right to bring your account in good standing by paying all of your past due payments plus permitted costs and expenses within the time permitted by law for reinstatement of your account, which is normally five business days prior to

EXHIBIT A
PAGE 29 OF 44

the date set for the sale of your property. No sale date may be set until approximately 90 days from the date this notice of default may be recorded (which date of recordation appears on this notice).

This amount is **$79,304.46** as of **07/23/2021**, and will increase until your account becomes current. While your property is in foreclosure, you still must pay other obligations (such as insurance and taxes) required by your note and Deed of Trust or mortgage. If you fail to make future payments on the loan, pay taxes on the property, provide insurance on the property, or pay other obligations as required in the note and Deed of Trust or mortgage, the beneficiary or mortgagee may insist that you do so in order to reinstate your account in good standing. In addition, the beneficiary or mortgagee may require as a condition of reinstatement that you provide reliable written evidence that you paid all senior liens, property taxes, and hazard insurance premiums.

Upon your written request, the beneficiary or mortgagee will give you a written itemization of the entire amount you must pay. You may not have to pay the entire unpaid portion of your account, even though full payment was demanded, but you must pay all amounts in default at the time payment is made. However, you and your beneficiary or mortgagee may mutually agree in writing prior to the time the notice of sale is posted (which may not be earlier than three months after this notice of default is recorded) to, among other things, (1) provide additional time in which to cure the default by transfer of the property or otherwise; or (2) establish a schedule of payments in order to cure your default; or both (1) and (2).

Following the expiration of the time period referred to in the first paragraph of this notice, unless the obligation being foreclosed upon or a separate written agreement between you and your creditor permits a longer period, you have only the legal right to stop the sale of your property by paying the entire amount demanded by your creditor. To find out the amount you must pay, or to arrange for payment to stop the foreclosure, or if your property is in foreclosure for any other reason, contact:

**Specialized Loan Servicing LLC**
**c/o Affinia Default Services, LLC**
**301 E. Ocean Blvd. Suite 1720**
**Long Beach, CA 90802**
**Attn: Foreclosure Dept.**
**Phone: 833-290-7452**
**Fax: 562-983-5379**

**If you have any questions, you should contact a lawyer or the governmental agency which may have insured your loan. Notwithstanding the fact that your property is in foreclosure, you may offer your property for sale provided the sale is concluded prior to the conclusion of the foreclosure.**

## REMEMBER, YOU MAY LOSE LEGAL RIGHTS IF YOU DO NOT TAKE PROMPT ACTION.

NOTICE IS HEREBY GIVEN:  That Affinia Default Services, LLC is either the original trustee, the duly appointed substituted trustee, or acting as agent for the trustee or beneficiary under a Deed of Trust dated 05/18/2005, executed by  RENE GONZALEZ, as Trustor(s), to secure certain obligations in favor of MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. SOLELY AS NOMINEE FOR E-LOAN, INC., ITS SUCCESSORS AND ASSIGNS, as beneficiary, recorded on 06/01/2005 as Document No.: 2005-0434131,  of Official Records in the Office of the Recorder of Riverside County, California describing land therein as: As more fully described on said Deed of Trust.

Included among these obligations is one Note(s) for the original sum of **$82,200.00** that that beneficial interest under such Deed of Trust and the obligations secured thereby presently held by the beneficiary or its agent; that a breach of, and default in, the obligations for which said Deed of Trust is security has occurred in that the payment has not been made of:

**Installment of Principal and Interest which became due on 11/28/2008, plus impounds and/or advances together with late charges, and all subsequent installments of principal, interest, plus impounds and/or advances and late charges and any reoccurring obligation that become due, including trustee's fees and expenses.**

That by reason therefore, the present beneficiary under such Deed of Trust has declared and does hereby declare all sums secured thereby immediately due and payable and has elected and does hereby elect to cause the trust property to be sold to satisfy the obligations secured thereby.

**NOTHING IN THIS NOTICE SHALL BE CONSTRUED AS WAIVER OF ANY OTHER FEES OWING TO THE BENEFICIARY, OR OTHER DEFAULT BY THE TRUSTOR, PURSUANT TO THE TERMS OF THE LOAN DOCUMENTS.**

**The beneficiary, mortgage servicer, or agent of beneficiary or mortgage servicer declares that it has complied with California Civil Code Section 2923.5. and/or 2923.55, wherever applicable. The Declaration is attached.**

Dated: July 23, 2021

Affinia Default Services, LLC, as Trustee for the Beneficiary

By: _____
Samantha Snyder, Foreclosure Associate

This communication is an attempt to collect a debt and any information obtained will be used for that purpose. However, if you have received a discharge of the debt referenced herein in a bankruptcy proceeding, this is not an attempt to impose personal liability upon you for payment of that debt. In the event you have received a bankruptcy discharge, any action to enforce the debt will be taken against the property only.

*CALIFORNIA DECLARATION OF COMPLIANCE*

**(CAL. CIV. CODE § 2923.55)**

Borrower(s): RENE GONZALEZ

Property Address: 1752 FRASER CIR, CORONA, CA 92882

T.S No.: 9462-7153

The undersigned, as an authorized agent or employee of the below mortgage servicer, declares as follows:

1. ☐ The mortgage servicer has contacted the borrower to assess the borrower's financial situation and explore options for the borrower to avoid foreclosure as required by California Civil Code § 2923.55(b)(2). Thirty days have passed since the initial contact was made.

2. ☐ The mortgage servicer has tried with due diligence to contact the borrower as required by California Civil Code § 2923.55(f) but has not made contact despite such due diligence. Thirty days have passed since these due diligence efforts were satisfied.

3. ☐ No contact was required because the individual did not meet the definition of "borrower" under California Civil Code § 2920.5(c).

4. ☑ The requirements of California Civil Code § 2923.55 do not apply because the loan is not secured by a first lien mortgage or deed of trust on "owner-occupied" or qualifying tenant-occupied residential real property as defined by California Civil Code § 2924.15.

Additionally, pursuant to California Civil Code § 3273.10:

1. ☑ The mortgage servicer has not denied the borrower a forbearance request on or after 9/1/2020.

2. ☐ The mortgage servicer was unable to approve the borrower's request for a forbearance on or after 9/1/2020, and a forbearance was not subsequently provided. A copy of the notice is attached.

3. ☐ The mortgage servicer was unable to approve the borrower's request for a forbearance on or after 9/1/2020, however, a forbearance was subsequently provided. A copy of the approval notice is attached.

4. ☐ The requirements of California Civil Code § 2923.55 do not apply because the loan is not secured by a first lien mortgage or deed of trust on "owner-occupied" or qualifying tenant – occupied residential real property as defined by California Civil Code § 2924.15.

5. ☐ The mortgage servicer is in compliance with California Civil Code § 3273.10 because the mortgage servicer has complied with the relevant provisions regarding forbearance in Section 4022 of the federal Coronavirus Aid, Relief, and Economic Security Act (the CARES Act) (Public Law 116-136), including any amendments or revisions to those provisions, pursuant to California Civil Code § 3273.10(d).

I certify that this declaration is accurate, complete and supported by competent and reliable evidence which the mortgage servicer has reviewed to substantiate the borrower's default and the right to foreclose, including the borrower's loan status and loan information.

Specialized Loan Servicing LLC

Dated:  **MAY 1 2 2021**

By: _____
Ami McKernan
Second Assistant Vice President

Confidential

# EXHIBIT "D"

Community
Loan Servicing™

Community Loan Servicing, LLC
P.O. Box 740410
Cincinnati, OH 45274-0410
www.communityloanservicing.com

1.888.970.1489

Mortgage Statement
Statement Date: 06/02/21

| Account Number | 639960 |
| Payment Date | 09/01/21 |
| Total Amount | $1,487.14 |

Rene Gonzalez
1752 Fraser Cir
Corona, CA 92882-5631

### Bankruptcy Message

Our records show that either you are a debtor in bankruptcy or you discharged personal liability for your mortgage loan in bankruptcy. We are sending this statement to you for informational and compliance purposes only. It is not an attempt to collect a debt against you. If you want to stop receiving statements, write to us at Community Loan Servicing, LLC Billing Statement Opt In/Opt Out PO Box 331409 Miami FL 33233-1409.

### Account Information

| | |
| --- | --- |
| Outstanding Principal Balance †‡ | $261,198.13 |
| Deferred Amount | $7,024.87 |
| Interest Rate | 3.7% |
| Escrow Balance | -$787.78 |
| Prepayment Penalty | N |

### Explanation of Payment Amount

| | |
| --- | --- |
| Principal | $12.00 |
| Interest | $868.78 |
| Escrow (Taxes and Insurance) | $606.36 |
| Regular Monthly Payment | $1,487.14 |
| Fees & Charges Assessed* | $0.00 |
| Unpaid Past Payments** | $0.00 |
| Total Amount*** | $1,487.14 |

‡Payments will be applied in order that they become due (oldest first) unless bankruptcy or other court ordered payment plan is in place.
*Fees and Charges Assessed are comprised of Recoverable Corporate Advances, Late Fee and NSF Fees assessed since the last billing cycle.
**Unpaid Past Payments is the sum of the unpaid balances for Principal and Interest, Escrow and Fees & Charges.
***The Total Amount shown may not include recoverable fees not yet charged to the account, and may not include unapplied funds/totals not yet applied to the account.

### Transaction Activity (07/10/21 to 6/02/21)

| Date | Description | DEBITS | CREDITS |
| --- | --- | --- | --- |
| 06/02 | Payment - Principal | | 11.95 |
| 06/02 | Payment - Interest | | 868.79 |

Additional Transaction may be found on Page 3

### Past Payments Breakdown

| | Paid Last Bill | Paid Year to Date |
| --- | --- | --- |
| Principal | $11.95 | $376.39 |
| Interest | $868.79 | $6,072.96 |
| Escrow (for Taxes & Insurance) | $495.33 | $3,467.31 |
| Fees & Charges | $0.00 | $0.00 |
| Partial Payment (Unapplied)‡‡ | $0.00 | $0.00 |
| Total | $1,374.96 | $9,916.86 |

### Important Message

‡‡ Partial Payments: Any partial payment that is made is not applied to the mortgage payment, but instead is held in a separate suspense account. If the balance of a partial payment is paid, the funds will then be applied to your mortgage.

†This is the Principal Balance only, not the amount required to pay the loan in full. Please contact Customer Service at 1.888.970.1489 for an exact payoff balance.

Our records indicate the original loan has been modified on 10/13/20.

This loan has a deferred balance of $7,024.87 that will be due and payable at maturity or through any payoff request.

Our records indicate the HAMP (Alternative Mortgage Program) modification status is Eligible.

California Property Owners- Additional accountings can be requested pursuant to Section 2954 of the California Civil Code.

COMMUNITY LOAN SERVICING, LLC
PO BOX 740410
CINCINNATI, OH 45274-0410

Please include the loan number on your check. If no check clearly associate the check with a single loan, it may delay or prohibit us from crediting your account.

Borrower RENE GONZALEZ
Loan Number 639960
Total Amount $1,487.14

If you are currently a party in a bankruptcy case and you choose to make a voluntary payment, detach and return bottom remittance portion with your payment. Make checks payable to Community Loan Servicing.

COMMUNITY LOAN SERVICING, LLC
PO BOX 740410
CINCINNATI, OH 45274-0410

| Please indicate additional funds. Please funds received by CLS without specific application instructions, will be applied based on CLS standard payment hierarchy, which is driven by your loan documents and/or applicable law. | Additional Principal | $ |
| | Additional Escrow | $ |
| | Other | $ |
| | Total Amount Sent (Please do not send cash) | $ |

Make check payable to Community Loan Servicing, LLC

☐ Check here if your address/telephone number has changed and fill out form on reverse side.

Please do not write below this line.    Servicing Code: MSP

0000639960 MSP 0000148714 0000148714 8

Confidential

Confidential

Affinia Default Services, LLC
301 E. Ocean Blvd.
Suite 1720
Long Beach, CA 90802
Date: July 28, 2021

RENE GONZALEZ
8560 W. SUNSET BLVD.
SUITE 500
LOS ANGELES, CA 90069

T.S. Number:  9462-7153
Loan Number: 1010207742

DEBT VALIDATION NOTICE

1.
The enclosed document relates to a debt owed to:

Gulf Harbour Investments Corporation

2.
You may send us a written request for the name and address of the original creditor, if different
from the current creditor, and we will obtain and mail the information within thirty (30) days after
we receive your written request.

3.
As of 07/23/2021 the total delinquency owed was $79,304.46 because of interest, late charges, and
other charges that may vary from day to day this amount will increase  until the delinquency has
been fully paid.  Before forwarding payment please contact the above at the address or phone
number listed in order to receive the current amount owed.

4.
As of 07/23/2021, the amount required to pay the entire debt in full was the unpaid principal
balance of  $82,729.19, plus interest from 11/28/2008, late charges, negative escrow and attorney
and/or trustee's fees and costs that may have been incurred.  The amount will increase daily until
the debt has been paid in full.  For further information please write to the above listed address.

5.
You may dispute the validity of this debt, or any portion thereof, by contacting our office at the
address shown above within thirty (30) days after receiving this notice.  In that event, we will
obtain and mail to you written verification of the debt. Otherwise, we will assume that the debt is
valid.

This communication is an attempt to collect a debt and any information obtained will be used for
that purpose. However, if you have received a discharge of the debt referenced herein in a

APR 0 7 2022

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

| | FOR COURT USE ONLY<br>*(SOLO PARA USO DE LA CORTE)* |
|---|---|

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

SPECIALIZED LOAN SERVICING, LLC; GULF HARBOUR
INVESTMENTS CORPORATION; and DOES 1-10, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
RENE GONZALEZ

---

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

---

| | CASE NUMBER:<br>*(Número del Caso:)* |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* Riverside County Superior Court<br>4050 Main St.<br>Riverside, CA 92501 | CVRI 2201296 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Tony Cara, CDLG, PC, 2973 Harbor Boulevard, Suite 594 Costa Mesa, CA 92626 (888) 615-6765

| DATE:<br>*(Fecha)* | 4/1/2022 | Clerk, by<br>*(Secretario)* | _Brigit Prado_ | , Deputy<br>*(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL] GC68150(g)

1. [ ] as an individual defendant.
2. [ ] as the person sued under the fictitious name of *(specify):*

3. [X] on behalf of *(specify):* SPECIALIZED LOAN SERVICING, LLC

   under: [ ] CCP 416.10 (corporation)     [ ] CCP 416.60 (minor)
         [ ] CCP 416.20 (defunct corporation)     [ ] CCP 416.70 (conservatee)
         [X] CCP 416.40 (association or partnership) [ ] CCP 416.90 (authorized person)
         [ ] other *(specify):*

4. [ ] by personal delivery on *(date):*

Page 1 of 1

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465<br>*www.courtinfo.ca.gov* |

RI-ADR001-INFO



SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE
www.riverside.courts.ca.gov

**Self-represented parties:** https://www.riverside.courts.ca.gov/SelfHelp/self-help.php

---

## ALTERNATIVE DISPUTE RESOLUTION (ADR) – *INFORMATION PACKAGE*

## *** THE PLAINTIFF MUST SERVE THIS INFORMATION PACKAGE ON EACH PARTY WITH THE COMPLAINT. ***

---

### What is ADR?
Alternative Dispute Resolution (ADR) is a way of solving legal disputes without going to trial. The main types are mediation, arbitration, and settlement conferences.

### Advantages of ADR:
- Faster:  ADR can be done in a 1-day session within months after filing the complaint.
- Less expensive:  Parties can save court costs and attorneys' and witness fees.
- More control:  Parties choose their ADR process and provider.
- Less stressful:  ADR is done informally in private offices, not public courtrooms.

### Disadvantages of ADR:
- No public trial:  Parties do not get a decision by a judge or jury.
- Costs:  Parties may have to pay for both ADR and litigation.

### Main Types of ADR:

**Mediation:**    In mediation, the mediator listens to each person's concerns, helps them evaluate the strengths and weaknesses of their case, and works with them to create a settlement agreement that is acceptable to everyone.  If the parties do not wish to settle the case, they go to trial.

Mediation may be appropriate when the parties:
- want to work out a solution but need help from a neutral person; or
- have communication problems or strong emotions that interfere with resolution; or
- have a continuing business or personal relationship.

Mediation is not appropriate when the parties:
- want their public "day in court" or a judicial determination on points of law or fact;
- lack equal bargaining power or have a history of physical/emotional abuse.

**Arbitration:**   Arbitration is less formal than trial, but like trial, the parties present evidence and arguments to the person who decides the outcome. In "binding" arbitration the arbitrator's decision is final; there is no right to trial.  In "non-binding" arbitration, any party can request a trial after the arbitrator's decision.  The court's mandatory Judicial Arbitration program is non-binding.

**Page 1 of 2**

- Arbitration may be appropriate when the parties:
  - ≤    want to avoid trial, but still want a neutral person to decide the outcome of the case.

Arbitration is not appropriate when the parties:
  - ≤    do not want to risk going through both arbitration and trial (Judicial Arbitration)
  - ≤    do not want to give up their right to trial (binding arbitration)

**Settlement Conferences:** Settlement conferences are similar to mediation, but the settlement officer usually tries to negotiate an agreement by giving strong opinions about the strengths and weaknesses of the case, its monetary value, and the probable outcome at trial. Settlement conferences often involve attorneys more than the parties and often take place close to the trial date.

## RIVERSIDE COUNTY SUPERIOR COURT ADR REQUIREMENTS

ADR Information and forms are posted on the ADR website:
https://www.riverside.courts.ca.gov/Divisions/ADR/ADR.php

### General Policy:
Parties in most general civil cases are expected to participate in an ADR process before requesting a trial date and to participate in a settlement conference before trial. (Local Rule 3200)

### Court-Ordered ADR:
Certain cases valued at under $50,000 may be ordered to judicial arbitration or mediation. This order is usually made at the Case Management Conference. See the "Court-Ordered Mediation Information Sheet" on the ADR website for more information.

### Private ADR (for cases not ordered to arbitration or mediation):
Parties schedule and pay for their ADR process without Court involvement. Parties may schedule private ADR at any time; there is no need to wait until the Case Management Conference. See the "Private Mediation Information Sheet" on the ADR website for more information.

### BEFORE THE CASE MANAGEMENT CONFERENCE (CMC), ALL PARTIES MUST:
1. Discuss ADR with all parties at least 30 days before the CMC. Discuss:
   - ≤  Your preferences for mediation or arbitration.
   - ≤  Your schedule for discovery (getting the information you need) to make good decisions about settling the case at mediation or presenting your case at an arbitration.
2. File the attached "Stipulation for ADR" along with the Case Management Statement, if all parties can agree.
3. Be prepared to tell the judge your preference for mediation or arbitration and the date when you could complete it.

(Local Rule 3218)

### RIVERSIDE COUNTY ADR PROVIDERS INCLUDE:
- ≤  The Court's Civil Mediation Panel (available for both Court-Ordered Mediation and Private Mediation). See https://adr.riverside.courts.ca.gov/Home/CivilMedPanel or ask for the list in the civil clerk's office, attorney window.
- ≤  Riverside County ADR providers funded by DRPA (Dispute Resolution Program Act):
  Dispute Resolution Service (DRS) Riverside County Bar Association:  (951) 682-1015
  Dispute Resolution Center, Community Action Partnership (CAP):  (951) 955-4900
  Chapman University School of Law Mediation Clinic (services only available at the court)

Adopted for Mandatory Use
Riverside Superior Court
RI-ADR001-INFO [Rev. 06/10/21]

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE**

☐ **BLYTHE** 265 N. Broadway, Blythe, CA 92225
☐ **CORONA** 505 S. Buena Vista, Rm. 201, Corona, CA 92882
☐ **MORENO VALLEY** 13800 Heacock St. #D201, Moreno Valley, CA 92553

☐ **MURRIETA** 30755-D Auld Rd., Murrieta, CA 92563
☐ **PALM SPRINGS** 3255 Tahquitz Canyon Way, Palm Springs, CA 92262
☐ **RIVERSIDE** 4050 Main St., Riverside, CA 92501

RI-ADR001

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar Number and Address)* | FOR COURT USE ONLY |
|---|---|
| | |

TELEPHONE NO:            FAX NO. *(Optional)*:
E-MAIL ADDRESS *(Optional)*:
ATTORNEY FOR *(Name)*:

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | CASE MANAGEMENT CONFERENCE DATE(S): |

**STIPULATION FOR ALTERNATIVE DISPUTE RESOLUTION (ADR)**
(CRC 3.2221; Local Rule, Title 3, Division 2)

**Court-Ordered ADR:**

Eligibility for Court-Ordered Mediation or Judicial Arbitration will be determined at the Case Management Conference.  If eligible, the parties agree to participate in:

☐ Mediation            ☐ Judicial Arbitration (non-binding)

**Private ADR:**

If the case is not eligible for Court-Ordered Mediation or Judicial Arbitration, the parties agree to participate in the following ADR process, which they will arrange and pay for without court involvement:

☐ Mediation            ☐ Judicial Arbitration (non-binding)
☐ Binding Arbitration  ☐ Other (describe):  _____

Proposed date to complete ADR:  _____

**SUBMIT THIS FORM ALONG WITH THE CASE MANAGEMENT STATEMENT.**

_____        _____        _____
(PRINT NAME OF PARTY OR ATTORNEY)           (SIGNATURE OF PARTY OR ATTORNEY)                    (DATE)
☐ Plaintiff  ☐ Defendant

_____        _____        _____
(PRINT NAME OF PARTY OR ATTORNEY)           (SIGNATURE OF PARTY OR ATTORNEY)                    (DATE)
☐ Plaintiff  ☐ Defendant

_____        _____        _____
(PRINT NAME OF PARTY OR ATTORNEY)           (SIGNATURE OF PARTY OR ATTORNEY)                    (DATE)
☐ Plaintiff  ☐ Defendant

_____        _____        _____
(PRINT NAME OF PARTY OR ATTORNEY)           (SIGNATURE OF PARTY OR ATTORNEY)                    (DATE)
☐ Plaintiff  ☐ Defendant

Adopted for Mandatory Use
Riverside Superior Court
Form RI-ADR001  [Rev. 01/01/12]
[Reformatted 06/01/16]

**ALTERNATIVE DISPUTE RESOLUTION
(ADR) STIPULATION**

Page 1 of 1
Statutory Authority
riverside.courts.ca.gov/localfrms/localfrms.shtml

EXHIBIT A
PAGE 40 OF 44

**CM-010**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| ─ Tony Cara, SBN 170720 <br> CDLG, PC <br> 2973 Harbor Boulevard, Suite 594 <br> Costa Mesa, CA 92626 | |

TELEPHONE NO.: (888) 615-6765    FAX NO.: (888) 660-8874

ATTORNEY FOR *(Name):* Plaintiff Rene Gonzalez

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** RIVERSIDE

STREET ADDRESS: 4050 Main St.

MAILING ADDRESS: SAME

CITY AND ZIP CODE: Riverside, CA 92501

BRANCH NAME: ~~Central Justice Center~~ Riverside Historic Courthouse

CASE NAME:

GONZALEZ v. SPECIALIZED LOAN SERVICING, LLC;

| **CIVIL CASE COVER SHEET** | | **Complex Case Designation** | CASE NUMBER: |
|---|---|---|---|
| ✔ **Unlimited** (Amount demanded exceeds $25,000) | **Limited** (Amount demanded is $25,000 or less) | **Counter** ☐ **Joinder** ☐ <br> Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | CVRI2201296 |
| | | | JUDGE: |
| | | | DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
- ☐ Auto (22)
- ☐ Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- ☐ Asbestos (04)
- ☐ Product liability (24)
- ☐ Medical malpractice (45)
- ☐ Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- ☐ Business tort/unfair business practice (07)
- ☐ Civil rights (08)
- ☐ Defamation (13)
- ☐ Fraud (16)
- ☐ Intellectual property (19)
- ☐ Professional negligence (25)
- ☐ Other non-PI/PD/WD tort (35)

**Employment**
- ☐ Wrongful termination (36)
- ☐ Other employment (15)

**Contract**
- ☐ Breach of contract/warranty (06)
- ☐ Rule 3.740 collections (09)
- ☐ Other collections (09)
- ☐ Insurance coverage (18)
- ☐ Other contract (37)

**Real Property**
- ☐ Eminent domain/Inverse condemnation (14)
- ☐ Wrongful eviction (33)
- ✔ Other real property (26)

**Unlawful Detainer**
- ☐ Commercial (31)
- ☐ Residential (32)
- ☐ Drugs (38)

**Judicial Review**
- ☐ Asset forfeiture (05)
- ☐ Petition re: arbitration award (11)
- ☐ Writ of mandate (02)
- ☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
- ☐ Antitrust/Trade regulation (03)
- ☐ Construction defect (10)
- ☐ Mass tort (40)
- ☐ Securities litigation (28)
- ☐ Environmental/Toxic tort (30)
- ☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- ☐ Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- ☐ RICO (27)
- ☐ Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
- ☐ Partnership and corporate governance (21)
- ☐ Other petition *(not specified above)* (43)

2. This case ☐ is ✔ is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☐ Substantial amount of documentary evidence
   d. ☐ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. ✔ monetary   b. ✔ nonmonetary; declaratory or injunctive relief   c. ☐ punitive
4. Number of causes of action *(specify):* 6
5. This case ☐ is ✔ is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: March 12, 2022

Tony Cara, Esq.

*(TYPE OR PRINT NAME)*      ▶    *Tony Cara*    *(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)*

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use <br> Judicial Council of California <br> CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.740; <br> Cal. Standards of Judicial Administration, std. 3.10 <br> www.courtinfo.ca.gov |

EXHIBIT A

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

## CASE TYPES AND EXAMPLES

**Auto Tort**
  Auto (22)–Personal Injury/Property
    Damage/Wrongful Death
  Uninsured Motorist (46) *(if the
    case involves an uninsured
    motorist claim subject to
    arbitration, check this item
    instead of Auto)*

**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
  Asbestos (04)
    Asbestos Property Damage
    Asbestos Personal Injury/
     Wrongful Death
  Product Liability *(not asbestos or
    toxic/environmental)* (24)
  Medical Malpractice (45)
    Medical Malpractice–
     Physicians & Surgeons
    Other Professional Health Care
     Malpractice
  Other PI/PD/WD (23)
    Premises Liability (e.g., slip
     and fall)
    Intentional Bodily Injury/PD/WD
     (e.g., assault, vandalism)
    Intentional Infliction of
     Emotional Distress
    Negligent Infliction of
     Emotional Distress
    Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
  Business Tort/Unfair Business
    Practice (07)
  Civil Rights (e.g., discrimination,
    false arrest) *(not civil
    harassment)* (08)
  Defamation (e.g., slander, libel)
    (13)
  Fraud (16)
  Intellectual Property (19)
  Professional Negligence (25)
    Legal Malpractice
    Other Professional Malpractice
     *(not medical or legal)*
  Other Non-PI/PD/WD Tort (35)
**Employment**
  Wrongful Termination (36)
  Other Employment (15)

**Contract**
  Breach of Contract/Warranty (06)
    Breach of Rental/Lease
     Contract *(not unlawful detainer
     or wrongful eviction)*
    Contract/Warranty Breach–Seller
     Plaintiff *(not fraud or negligence)*
    Negligent Breach of Contract/
     Warranty
    Other Breach of Contract/Warranty
  Collections (e.g., money owed, open
    book accounts) (09)
    Collection Case–Seller Plaintiff
    Other Promissory Note/Collections
     Case
  Insurance Coverage *(not provisionally
    complex)* (18)
    Auto Subrogation
    Other Coverage
  Other Contract (37)
    Contractual Fraud
    Other Contract Dispute
**Real Property**
  Eminent Domain/Inverse
    Condemnation (14)
  Wrongful Eviction (33)
  Other Real Property (e.g., quiet title) (26)
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quiet Title
    Other Real Property *(not eminent
     domain, landlord/tenant, or
     foreclosure)*
**Unlawful Detainer**
  Commercial (31)
  Residential (32)
  Drugs (38) *(if the case involves illegal
    drugs, check this item; otherwise,
    report as Commercial or Residential)*
**Judicial Review**
  Asset Forfeiture (05)
  Petition Re: Arbitration Award (11)
  Writ of Mandate (02)
    Writ–Administrative Mandamus
    Writ–Mandamus on Limited Court
     Case Matter
    Writ–Other Limited Court Case
     Review
  Other Judicial Review (39)
    Review of Health Officer Order
    Notice of Appeal–Labor
     Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
  Antitrust/Trade Regulation (03)
  Construction Defect (10)
  Claims Involving Mass Tort (40)
  Securities Litigation (28)
  Environmental/Toxic Tort (30)
  Insurance Coverage Claims
    *(arising from provisionally complex
    case type listed above)* (41)
**Enforcement of Judgment**
  Enforcement of Judgment (20)
    Abstract of Judgment (Out of
     County)
    Confession of Judgment *(non-
     domestic relations)*
    Sister State Judgment
    Administrative Agency Award
     *(not unpaid taxes)*
    Petition/Certification of Entry of
     Judgment on Unpaid Taxes
    Other Enforcement of Judgment
     Case
**Miscellaneous Civil Complaint**
  RICO (27)
  Other Complaint *(not specified
    above)* (42)
    Declaratory Relief Only
    Injunctive Relief Only *(non-
     harassment)*
    Mechanics Lien
    Other Commercial Complaint
     Case *(non-tort/non-complex)*
    Other Civil Complaint
     *(non-tort/non-complex)*
**Miscellaneous Civil Petition**
  Partnership and Corporate
    Governance (21)
  Other Petition *(not specified
    above)* (43)
    Civil Harassment
    Workplace Violence
    Elder/Dependent Adult
     Abuse
    Election Contest
    Petition for Name Change
    Petition for Relief From Late
     Claim
    Other Civil Petition

**CIVIL CASE COVER SHEET**

EXHIBIT A
PAGE 42 OF 44

Case 5:22-cv-00718-CAS-SHK Document 1-1 Filed 04/26/22 Page 44 of 45 Page ID #:51
Electronically Filed Superior Court of California, County of Riverside on 03/21/2022 07:36 AM
Case Number CVRI2201296 0000018729400 - W. Samuel Hamrick Jr., Executive Officer/Clerk of the Court By Brigit Prado, Clerk

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE

| | |
|---|---|
| ☐ **BANNING** 311 E. Ramsey St., Banning, CA 92220 | ☐ **MURRIETA** 30755-D Auld Rd., Suite 1226, Murrieta, CA 92563 |
| ☐ **BLYTHE** 265 N. Broadway, Blythe, CA 92225 | ☐ **PALM SPRINGS** 3255 E. Tahquitz Canyon Way, Palm Springs, CA 92262 |
| ☐ **HEMET** 880 N. State St., Hemet, CA 92543 | ☒ **RIVERSIDE** 4050 Main St., Riverside, CA 92501 |
| ☐ **MORENO VALLEY** 13800 Heacock St., Ste. D201, Moreno Valley, CA 92553 | ☐ **TEMECULA** 41002 County Center Dr., #100, Temecula, CA 92591 |

RI-030

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar Number and Address)*<br>Tony Cara, Esq. SBN 170720<br><br>2973 Harbor Boulevard, Suite 594<br>Costa Mesa, CA 92626-3912<br>TELEPHONE NO: (888) 615-6765   FAX NO. *(Optional)* (888) 660-8874<br>E-MAIL ADDRESS *(Optional)*: cdlglawyer@gmail.com<br>ATTORNEY FOR *(Name)*: Plaintiff Rene Gonzalez | FOR COURT USE ONLY |
|---|---|
| PLAINTIFF/PETITIONER: RENE GONZALEZ<br><br>DEFENDANT/RESPONDENT: SPECIALIZED LOAN SERVICING, LLC, et al. | CASE NUMBER:<br>CVRI2201296 |

### CERTIFICATE OF COUNSEL

The undersigned certifies that this matter should be tried or heard in the court identified above for the reasons specified below:

☐    The action arose in the zip code of: _____

☒    The action concerns real property located in the zip code of:    92882 _____

☐    The Defendant resides in the zip code of: _____

For more information on where actions should be filed in the Riverside County Superior Courts, please refer to Local Rule 1.0015 at www.riverside.courts.ca.gov.

I certify (or declare) under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date March 12, 2022 _____

Tony Cara, Esq. _____          ► *Tony Cara* _____
(TYPE OR PRINT NAME OF ☐ ATTORNEY ☐ PARTY MAKING DECLARATION)                    (SIGNATURE)

| | | |
|---|---|---|
| Approved for Mandatory Use<br>Riverside Superior Court<br>RI-030 [Rev. 08/15/13] | **CERTIFICATE OF COUNSEL** | **Page 1 of 1**<br>Local Rule 1.0015<br>riverside.courts.ca.gov/localfirms/localfirms.shtml |

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE

Historic Court House
4050 Main Street, Riverside, CA 92501

**Case Number:**    CVRI2201296

**Case Name:**    GONZALEZ vs SPECIALIZED LOAN SERVICING, LLC

## NOTICE OF DEPARTMENT ASSIGNMENT

The above entitled case is assigned to the Honorable O.G. Magno in Department 7  for All Purposes.

Any disqualification pursuant to CCP section 170.6 shall be filed in accordance with that section.

The court follows California Rules of Court, Rule 3.1308(a)(1) for tentative rulings (see Riverside Superior Court Local Rule 3316).  Tentative Rulings for each law and motion matter are posted on the internet by 3:00 p.m. on the court day immediately before the hearing at http://riverside.courts.ca.gov/tentativerulings.shtml.  If you do not have internet access, you may obtain the tentative ruling by telephone at (760) 904-5722.

To request oral argument, you must (1) notify the judicial secretary at (760) 904-5722 and (2) inform all other parties, no later than 4:30 p.m. the court day before the hearing.  If no request for oral argument is made by 4:30 p.m., the tentative ruling will become the final ruling on the matter effective the date of the hearing.

The filing party shall serve a copy of this notice on all parties.

|  | Interpreter services are available upon request.  If you need an interpreter, please complete and submit the online Interpreter Request Form (https://riverside.courts.ca.gov/Divisions/InterpreterInfo/ri-in007.pdf) or contact the clerk's office and verbally request an interpreter. All requests must be made in advance with as much notice as possible, and prior to the hearing date in order to secure an interpreter. |
|---|---|
| | Assistive listening systems, computer-assisted real time captioning, or sign language interpreter services are available upon request if at least 5 days notice is provided.  Contact the Office of the ADA Coordinator by calling (951) 777-3023 or TDD (951) 777-3769 between 8:00 am and 4:30 pm or by emailing ADA@riverside.courts.ca.gov to request an accommodation.  A *Request for Accommodations by Persons With Disabilities and Order* (form MC-410) must be submitted when requesting an accommodation.  (Civil Code section 54.8.) |

Dated: 04/05/2022                                             W. SAMUEL HAMRICK JR.,
                                                                          Court Executive Officer/Clerk of Court


                                                              by: _____
                                                                          B. Prado, Deputy Clerk

CI-NODACV
(Rev. 02/16/21)

EXHIBIT A
PAGE 44 OF 44